CHAS. SCHUH v. THE STATE.

No. 127. Decided January 26, 1910.

**1.—Carrying Pistol—Jury and Jury Law—Jury Commissioners.**

Where upon trial for unlawfully carrying a pistol, it appeared from the record on appeal that the trial court appointed a jury commission which drew the jurors for the term of court during which the defendant was tried, as well as for the terms of court following, and did not proceed according to article 695, Code Crim. Procedure, and order the summons of talesmen, but proceeded under article 3150, Revised Statutes, and appointed jury commissioners as above stated, there was no error, as the court could proceed under either statute. Following Hurt v. State, 51 Texas Crim. Rep., 338, and other cases.

**2.—Same—Charge of Court—Violation of Law.**

Where upon trial for unlawfully carrying a pistol the evidence showed that the defendant went into a saloon, and took a pistol out of the hands of another person, walked about eighty or ninety feet to the back door of the saloon and fired the pistol and then handed it back to the owner, the same constituted a violation of the law, and there was no error in the court's refusal to instruct the jury to acquit defendant.

**3.—Same—Evidence—Posse—Intent.**

Where upon trial for unlawfully carrying a pistol the defendant claimed that he had been summoned by the city marshal to assist him in keeping the

peace in the city, there was no error in permitting the State to introduce testimony that the defendant and the city marshal got drunk, became boisterous and disorderly, and assaulted people. Following Brown v. State, 51 Texas Crim. Rep., 423, and other cases.

**4.—Same—Query—Deputy City Marshal.**

See opinion wherein the court refrains from deciding whether the city marshal could have deputized the defendant, in the manner he did, to carry a pistol.

Appeal from the County Court of Falls. Tried below before the Hon. W. E. Hunnicutt.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Nat Lewellyn,* for appellant.—On question of admitting evidence of disorderly conduct of defendant: Somerville v. State, 6 Texas Crim. App., 433.

On question of court's failure to instruct defendant's acquittal: Fretwell v. State, 52 Texas Crim. Rep., 499, 107 S. W. Rep., 837; Sanderson v. State, 23 Texas Crim. App., 520; Lann v. State, 25 Texas Crim. App., 495; Campbell v. State, 28 Texas Crim. App., 44.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Falls County at the April term, 1909, for unlawfully carrying on and about his person a pistol and a fine of $100 assessed against him. From this conviction, after motion for new trial was overruled, he has appealed to this court and asked for a reversal upon several grounds set up in his motion.

1. The first ground of his motion is to the action of the court in compelling appellant to go to trial before a jury not impanelled according to law. This ground of the motion is supported by bill of exceptions in the record, in which bill appellant complains that the court below erred in forcing him to go to trial before a jury illegally summoned and impanelled. That the court, having failed to appoint jury commissioners at the previous terms of the court, and no jury having been summoned for the term of the court at which the defendant was to be tried, that the court on the week before the week of the trial of appellant appointed jury commissioners to draw the jury for the week at which the defendant was to be tried, and that the court erred in forcing the defendant to trial before the jury that had been summoned by the jury commissioners appointed at the same term of the court at which the trial occurred; and that the court erred in not having the sheriff to summon the jury and in having appointed jury commissioners to draw a jury. To this bill of exceptions the trial judge appended the following explanation: "That when court con-

vened on June 19, 1909, the court stated that it would continue all criminal cases until next term, when the bar agreed that the court appoint a jury commission, and they draw jurors for this term of court as well as for the terms of court following; the attorney for the defendant in this case was among the attorneys agreeing to this, and agreed to the setting down of this and other cases for trial." The question here presented is this: Was the court bound to follow article 695, of the Code of Criminal Procedure, which provides that when from any cause, there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient, and from those summoned a jury shall be formed to try the case? Or, whether the court had a right to pursue the provisions of article 3150, of the Revised Statutes, which provides that the court, whenever it may deem it necessary, shall appoint jury commissioners where they have not been appointed in time to select jurymen, and that these jury commissioners may draw for the term of the court then in session as well as the terms following? This question came before this court for review in the case of Green v. State, 53 Texas Crim. Rep., 490, and this court held that the court below might proceed either way, following the provisions either of the Civil Statutes or the Code of Criminal Procedure, and as said by Judge Brooks in Lenert v. State, 63 S. W. Rep., 563: "As contended by appellants, the proper practice would have been for the court to have had the sheriff summon the jurors; but appellants have shown no injury by the means and manner resorted to for the selection of the jury in this case, and we do not think such error was committed by the court as requires a reversal." Without reference to the qualification to the bill of exceptions that counsel for appellant agreed to the drawing of the jury by the commissioners, we are of opinion that the action of the court in appointing jury commissioners to draw the jury for the term of court then in session would not be reversible error; and that the court might have proceeded either way and have followed the law and that there is really no conflict between the civil and criminal statutes. See Hurt v. State, 51 Texas Crim. Rep., 338; White v. State, 45 Texas Crim. Rep., 602; Williams v. State, 24 Texas Crim. App., 32.

2. In the fourth ground of the motion for new trial the appellant complains that the court erred in refusing to charge the jury that if the defendant took a pistol from the hands of the witness, Walter Stuart, and fired same off and handed it back to the witness, he would not be guilty of unlawfully carrying a pistol, the appellant having specially requested the court to so charge the jury, which was refused by the court below. The facts of the case will show that on the night of the 13th of April, 1908, at about 8 o'clock at night, the appellant went in the saloon of one Walter Stuart and took a pistol out of the hand of said Stuart, and walked back to the back door of the saloon and fired the pistol off and returned and handed it back to the witness

Stuart. The distance was some eighty or ninety feet from the place where appellant secured the pistol to the back door where he fired same off. Appellant contends that this did not constitute unlawfully carrying a pistol, and he cites the court in support of this proposition to the case of Lann v. State, 25 Texas Crim. App., 495. We do not think that the facts of this case support appellant's contention. The question in that case was whether a soldier in the United States army was amenable to the statutes of the State prohibiting the carrying of a pistol. He also refers us to the case of Sanderson v. State, 23 Texas Crim. App., 520. That was a case where the defendant, Sanderson, and witness were riding along the road, going after wood and a rabbit jumped up and the witness handed defendant his, witness', pistol and asked defendant to shoot the rabbit. Defendant took the pistol, walked a step or two and shot the rabbit, and handed it back to the witness. We do not think that any of the cases cited by counsel for appellant will support the contention of appellant. In these cases the possession of the weapon was momentary and for an innocent purpose, and the dominion and control of the owner and person carrying same was not lost. Here the weapon was rudely displayed in a public place, twice fired, and carried to a distance wholly beyond the control and away from the possession of the city marshal. If one may under these circumstances, by warrant of law, carry a pistol ninety feet, may he not carry it ninety yards or 900 yards? We think the rule has been carried far enough, and that as presented in this record there is no justification or excuse for appellant's possession of the pistol, and that he has not brought himself within the letter or the spirit of the statute or decisions existing in this State. For the same reason we think this case easily distinguishable from the decision in Fretwell v. State, 52 Texas Crim. Rep., 499, 107 S. W., 837.

We are also of opinion that the facts of this case make out a case of unlawfully carrying a pistol.

On the trial of the case the appellant took the stand and testified that Frank Stallworth, the city marshal, went to the appellant and informed him that there was a show coming to town that night and that the show train would arrive about 11 o'clock and that he wanted the appellant to get his pistol and go with him to meet the train to protect the town from the thugs that accompanied the show; that this summons was given about 8 o'clock while the appellant was in the saloon of Stuart and that after he, the witness, gave the message, the appellant procured the pistol, walked back and fired it off. This was sworn to both by the appellant and Stallworth, the city marshal. The State, over the objection of the defendant, to which he reserved exception, proved that the appellant and the city marshal proceeded to get drunk and went out upon the streets and whooped and holloed, knocked one or two men down and proceeded to make quite a noise. This testimony was all objected to as being irrelevant and immaterial. We are of opinion that this testimony was admissible. As said by this

court in the case of Lann v. State, 25 Texas Crim. App., 495: "Intent is an essential element to constitute the offense of unlawfully carrying a pistol on the person; and in all cases wherein the intent is an element of the offense charged, it is competent for the accused to prove his general reputation." We think that this testimony was admissible upon two grounds: First, as tending to impeach and contradict the appellant and the city marshal that he had been asked to assist in preserving the peace and order of the town and had been authorized to carry the pistol. If, as soon as he procured the pistol, he acted in a disorderly manner and his conduct was supported by the city marshal, then it would appear that their purpose in arming themselves, or procuring a pistol and loading up on bad whisky was rather to "paint the town" than to keep down the thugs. Second, this testimony was admissible to develop the intent of the party and to show that his purpose was not lawful but rather unlawful. As was said by this court in the case of McKinney v. State, 8 Texas Crim. App., 626: "When the scienter or quo animo is a constituent of an offense and necessary to be proved, it is competent to introduce testimony of acts, conduct, or declarations of the accused which tend to establish the knowledge or intent, though they in themselves constitute in law distinct crimes, and are apparently collateral and foreign to the main issue." See Brown v. State, 51 Texas Cr. Rep., 423; Colson v. State, 52 Texas Cr. Rep., 138; McCallister v. State, 55 Texas Cr. Rep., 392; Baker v. State, 53 Texas Cr. Rep., 27.

Under our view of the law we deem it unnecessary to pass upon the question as to whether the city marshal could have deputized the appellant, in the manner he did, to carry a pistol, but as the court below charged the law more favorably to the appellant on this issue than he could have asked, appellant is in no position to complain.

Believing that the court below committed no errors, the judgment is in all things affirmed.

*Affirmed.*