Sidney R. THIBODEAUX, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–065–CR.

Court of Appeals of Texas, Texarkana.

Jan. 20, 1982.

Michael L. Wilson, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Richard S. Crowther, Asst. Dist. Atty., Galveston, for appellee.

CORNELIUS, Chief Justice.

In a non-jury trial appellant was convicted of the misdemeanor offense of Unlawfully Carrying A Weapon. Punishment was assessed at one year confinement in the county jail.

According to the State's evidence Officer Franks, in responding to a report from a juvenile that his bicycle had been stolen, went to an area in Galveston where he encountered appellant in an intoxicated condition with a long knife or "sword" stuck between his belt and pants. The blade of the weapon was in excess of thirteen inches. Appellant was charged by information with the offense of Unlawfully Carrying A Weapon, to-wit, an illegal knife.[1] Appellant's defense was that he had been helping his cousin move, and in the process discovered his "sword" which had been misplaced for years, and that he

was in the process of innocently carrying it directly to his home. The trial judge refused to believe the defensive testimony and rendered a verdict of guilty.

■ Eight grounds of error are presented. The first and second grounds contend that the information was fundamentally defective, and that there was a fatal variance between the Information and the proof. The basis for these contentions is that the caption of the Information described the offense as Carrying A Prohibited Weapon, a different offense from that of Unlawfully Carrying A Weapon, and that the evidence showed only the latter offense, if any. These grounds will be overruled. The Information was on a sheet of paper which contained blanks at the top where certain information could be inserted, such as the nature of the offense, the defendant's name, the charging agency, the court in which the charge was filed, and whether or not bond had been issued. In the blank for describing the offense there was typed "Carrying A Prohibited Weapon." However, the body of the Information itself, which appears below and separate from the caption, contained all of the requisites of an Indictment or Information under the law of Texas, including the proper beginning and ending, and in that portion the offense was clearly charged that appellant ". . . did unlawfully, knowingly and intentionally carry about his person an illegal knife, to-wit: a knife with a blade over five and one-half inches . . .".

■ The caption constitutes no part of an Indictment or Information, and any error contained therein will be considered harmless surplusage unless a showing of prejudice is made. *Stansbury v. State*, 128 Tex. Cr.R. 570, 82 S.W.2d 962 (1935); *Owens v. State*, 25 Tex.Ct.App. 552, 8 S.W. 658 (1888); *English v. State*, 4 Tex. 125 (1849).

---

1. Tex.Penal Code Ann. § 46.02(a) (Vernon 1974) provides:

    "Unlawful Carrying Weapons
    "(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club."

Tex.Penal Code Ann. § 46.01(6)(A) (Vernon 1974) defines:
    "(6) 'Illegal knife' means a:
    (A) knife with a blade over five and one-half inches;"

The Information correctly charged the offense of unlawfully carrying a weapon, and there was no variance between the allegations and the proof.

Ground of Error No. Three argues that the evidence was insufficient to sustain the conviction because the State failed to prove that appellant had an unlawful purpose or intent in carrying the knife. The ground will be overruled. The State is not required to prove an unlawful purpose or intent. The statute makes the carrying unlawful unless the defendant brings himself within one of the exceptions to the offense. Appellant testified that he was merely taking the weapon home after finding it at his cousin's house, but the other circumstances and evidence were such that the trial court was not required to accept the innocent explanation as true. For the same reason there is no merit to appellant's Ground of Error No. Four which contends that the court should have found that appellant was a traveler and therefore authorized to carry the weapon.

Ground of Error No. Five asserts that the court erred in allowing Officer Franks to testify concerning his investigation of the theft of the bicycle. This evidence was admitted as background for the encounter between Officer Franks and appellant, and to show the officer's purpose in going to the scene of appellant's arrest. Furthermore, there was no objection to that evidence. No error is demonstrated.

Complaint is also made, in Ground of Error No. Six, of the trial court's admission of testimony that at the time of his arrest appellant was intoxicated. The evidence was properly admitted. It was proper as a part of the circumstances of the arrest, *Whittington v. State*, 580 S.W.2d 845 (Tex.Crim.App.1979), and it was also admissible to show the intent of appellant, and that his act of carrying the weapon was unlawful rather than pursuant to one of the exceptions, such as that of traveling. See *Schuh v. State*, 58 Tex.Cr.R. 165, 124 S.W. 908 (1910); *Colson v. State*, 52 Tex.Cr.R. 138, 105 S.W. 507 (1907). Additionally, the

trial here was non-jury, and in such cases it will be presumed that the trial judge disregarded any improper or irrelevant evidence. *Hutchins v. State*, 426 S.W.2d 235 (Tex. Crim.App.1968).

Ground of Error No. Seven argues that there was insufficient evidence that the knife had a blade in excess of five and one-half inches. We disagree. The knife was measured by Officer Franks who testified that its' blade was thirteen and one-half inches long. In addition, the knife was introduced into evidence and was before the court for observation. Any uncertainty in Officer Franks' testimony about what portion of the weapon constituted the blade would go to the credibility and the weight of the testimony rather than its sufficiency.

The last ground of error contends that the trial court abused its discretion in denying appellant probation, as he had not been previously convicted of a felony. There is no merit to this contention. When the trial is to the court and motion for probation is filed, the trial judge has the absolute discretion to grant or deny probation. *Lopez v. State*, 556 S.W.2d 821 (Tex. Crim.App.1977); *Cantu v. State*, 546 S.W.2d 621 (Tex.Crim.App.1977); *Zubia v. State*, 543 S.W.2d 389 (Tex.Crim.App.1976).

For the reasons stated, the judgment of the trial court is affirmed.