Carla Dinise JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–92–367–CR, B14–92–368–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 28, 1994.

Mark McIntyre, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

**OPINION**

ELLIS, Justice.

Appellant, Carla Dinise Jackson, appeals her judgments of conviction for prostitution, *see* TEX.PENAL CODE ANN. § 43.02(a)(2) (Vernon 1989), and conducting business in a sexually oriented enterprise without a permit. *See* TEX.LOCAL GOV'T CODE ANN. § 243.010(b) (Vernon Supp.1994); Houston, Tex., Code of Ordinances § 28–122(a) (1991). The jury rejected her "not guilty" pleas and, after finding the enhancement paragraph of the prostitution indictment to be true, assessed punishment for the prostitution charge at sixty (60) days in the Harris County Jail, and a $500 fine for the offense of conducting business in a sexually oriented enterprise without a permit. We affirm.

During February and March of 1992, undercover Houston Police Officers were investigating the Passion Zone nightclub to determine if the business was operating legally. As a result of their investigation, the officers concluded that the Passion Zone was a sexually oriented business. On March 8, the officers went to the nightclub and saw appellant get up on the stage where she danced completely nude. During the dance, appellant performed movements as if she was having intercourse, touching her breasts and vagina. In addition, the establishment had "date rooms" where table dancing and "dating" occurred. The officers looked for, but did not find, a permit displayed in the establishment as required by Houston City Ordinance. After her dance, appellant spoke with Officer Boutte near some arcade machines. The discussion eventually led to appellant offering to have sexual intercourse with Boutte for $50. The officers subsequently arrested appellant and others in the nightclub. No one at the establishment could provide a permit. At trial, appellant testified that she worked at the establishment.

Appellant originally asserted three points of error. However, upon our granting leave to file a supplemental brief, she asserts four additional points. The seven points of error are: First, the evidence is insufficient to prove that appellant was the "operator" of the establishment in question. Second, the trial court erred in denying appellant's motion for a directed verdict to the charge of "operating a sexually oriented business without a permit" because the State failed to prove all the elements of the offense. Third, the trial court erred by allowing the State, in the presence of the jury, to introduce into evidence appellant's prior conviction because the conviction is void. Fourth, the ordinance under which appellant was convicted is unconstitutional as applied to appellant. Fifth, the ordinance is void for vagueness. Sixth, the ordinance is unconstitutional and void because it proscribes and allows sexual conduct that is prohibited by the Texas Penal Code. Seventh, the trial court erred by not forwarding appellant's (defense) exhibit including the judgment and sentence sheet to the appellate court.

In appellant's first two points of error, she complains that there was insufficient evidence to prove that she was the *operator* of the establishment and that the trial court should have granted a directed verdict on that ground. However, as the State points out, appellant was not charged with *operating* the establishment, but with *conducting business* in the establishment. Although the caption of the Information states the charge to be "operate a sexually oriented business," the caption does not constitute part of the Information. *Thibodeaux v. State,* 628 S.W.2d 485, 487 (Tex.App.— Texarkana 1982, no pet.). As long as the body of the Information contains all of the requisites required by law, any error contained in the caption will be considered harmless surplusage unless a showing of prejudice is made. *Id.*

In this case, the body of the Information reads that appellant did:

intentionally and knowingly deliver and provide to a customer merchandise, goods and entertainment offered on the enterprise premises in a sexually oriented commercial enterprise, namely, an adult cabaret, located within the corporate limits of the City of Houston ... without first hav-

ing secured a permit from the Chief of Police or his designated Director as required by Section 28122(a) [sic] of the Houston City Ordinance governing sexually oriented businesses.

Houston City Ordinance Sec. 28–122(a), referred to in the Information, states:

(a) It shall be unlawful for any person to own, operate or *conduct any business in an enterprise* located within the city unless there is a permit for the enterprise.

(Emphasis added). "Conduct any business in an enterprise" is further defined in pertinent part:

Any person who does any one (1) or more of the following shall be deemed to be conducting business in an enterprise:

(3) Delivers or provides to any customer any merchandise, goods, entertainment or other services offered on the enterprise premises;

Houston, Tex., Code of Ordinances § 28–121 (1991).

The body of the Information tracks the ordinance definition of "conducting any business in an enterprise." Since the caption is surplusage, it is clear that appellant was charged with "conducting," not "operating," the business. Therefore, the State did not have to prove that appellant was "operating" the business.

 We hold, however, that there is sufficient evidence under the standard of *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979), to support a conviction for conducting business in a sexually oriented enterprise without a permit, the offense for which appellant was charged. A challenge to a court's denial of a motion for instructed verdict is in actuality a challenge to the sufficiency of the evidence to support a conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990). Therefore, appellant's first two points of error are overruled.

 In her original brief, appellant's third point of error stated that the trial court erred in allowing the State, in the presence of the jury, to introduce into evidence appellant's prior conviction of indecent exposure

because the conviction is void. Appellant claims the prior conviction is void because she was improperly admonished as to the punishment for the offense. The State argues in its brief that since the judgment and sentence were not made a part of the appellate record, appellant has failed to substantiate her claim, causing her to waive any error. *See Dutton v. State*, 836 S.W.2d 221, 225–26 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (holding that the failure to make documents from collaterally attacked prior conviction a part of appellate record resulted in waiver of appellant's complaint).

In response to the State's argument, appellant moved this court to allow her to supplement her brief, which we granted. The fourth point of error in her supplemental brief (seventh point overall) asserts that the trial court erred by not forwarding appellant's (defense) exhibit containing the judgment and sentence to the appellate court. Appellant points out that on July 1, 1993 she timely filed a written Motion to Supplement the Record pursuant to Rule 55 of the Texas Rules of Appellate Procedure and that this court ordered the District Clerk to supplement the record on July 22, 1993. However, appellant fails to recognize that in her motion to supplement the record she specifically enumerated the documents she wanted added to the record, as did we in our order, and the judgment and sentence of her prior conviction was not included. Appellant points to our order which states: "If anything material to either party is not included in the record, this Court, on proper suggestion or its own initiative, *may* direct that a supplemental record be certified and transmitted by the District Clerk. TEX.R.APP.P. 55(b)." (Emphasis added). Appellant then requests *in her supplemental brief* that we acquire and add the judgment and sentence to the appellate record. We hold that a request to supplement the record submitted in a supplemental brief is not proper under Rule 55(b), and decline to add the judgment and sentence to the record. Since the pertinent document is not a part of the record, any error is waived. *Dutton*, 836 S.W.2d at 226. Appellant's third and seventh points of error are overruled.

In her fourth and fifth points of error, appellant argues that, as applied to her and generally, the ordinance under which she was convicted is unconstitutionally void for vagueness because it "failed to give [her], a person of ordinary intelligence, fair notice that [her] contemplated conduct was forbidden by statute," citing *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 842, 31 L.Ed.2d 110 (1972). We disagree. The statute is very clear: a person cannot own, operate, or conduct any business in an enterprise unless there is a permit for that enterprise. "Owner," "operator," and "conduct any business in an enterprise" are all succinctly defined in the ordinance, as are "enterprise" and "permit." In fact, the definition of "conduct any business in an enterprise," under which appellant was charged, lists five specific acts that constitute a violation of the ordinance. *See* Houston, Tex., Code of Ordinances § 28–121 (1991). Furthermore, the statute details the application process for obtaining a permit. "A statute is unconstitutionally void for vagueness only when no standard of conduct is obtained at all; when no core of prohibited activity is defined." *Briggs v. State*, 740 S.W.2d 803, 806 (Tex. Crim.App.1987). We hold that this ordinance is not void for vagueness.

Appellant also argues under her fourth point of error that the ordinance serves as a "net" for the police in which they can pursue arrests and convictions where ordinarily probable cause would be lacking for the arrest. Specifically, appellant asserts that the intention was not for every single person working in an enterprise to obtain a permit; instead, lawmakers were concerned with those people in ownership or management capacity.

However, it is clear from the ordinance that the lawmakers *were* concerned with people other than owners or managers. The ordinance specifically enumerates those included within the statute as anyone who "[o]perates a cash register," "takes orders from any customer," "[d]elivers or provides to any customer any merchandise, goods, entertainment or other services," "[a]cts as a door attendant," or "[s]upervises or manages" others in the enterprise. *See* Houston, Tex., Code of Ordinances § 28–121 (1991). The ordinance does not require every single person who performs the above acts to *obtain* a personal permit as appellant suggests, it merely requires them to perform the acts in an enterprise that has a permit. *See id.* at § 28–122.

Appellant further complains that the ordinance is used to "net" primarily African–American employees and patrons of adult cabarets. She bases this claim on the testimony of another woman who has conducted business at the Passion Zone that the majority of the men who frequent the Passion Zone are black. This ordinance was not passed to attack specifically the Passion Zone and there is no evidence that all adult cabarets cater primarily to African–Americans. Appellant's fourth and fifth points of error are overruled.

In her sixth point of error, appellant contends that the ordinance under which she was convicted is unconstitutional and void because it proscribes and allows sexual conduct that is prohibited by the Texas Penal Code. According to appellant, the ordinance implies that, as long as appellant has a permit, she can conduct activities that are normally illegal, citing a number of sexual offenses in the penal code including homosexual conduct, public lewdness, and indecent exposure. Appellant's argument is without merit.

Any crimes committed within the sexually oriented business can be prosecuted separately from the crime of not having a permit. The permit does not allow activity that is illegal under the Texas Penal Code. Instead, it is a means of enforcing the location restrictions on these types of legal businesses. If appellant committed other crimes while conducting business in this enterprise, the State merely chose not to charge her with them. Appellant's sixth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.