NO. 07-01-0021-CR


NO. 07-01-0026-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 3, 2002



______________________________




BANESSA HOPE HUERTA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13048-9806 & A13133-9808; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Upon hearing evidence that appellant Banessa Hope Huerta had violated the
conditions of her community supervision, which had been granted upon two separate
convictions for burglary of a habitation, the trial court revoked community supervision and
assessed punishment at five years confinement and a $500 fine in cause number B13048-9806 and six years confinement in cause number A13133-9808. Presenting two points of
error, appellant contends the trial court erred by revoking her community supervision
because (1) she proved the affirmative defense of inability to pay by a preponderance of
the evidence, and (2) all other violations were a direct result of her inability to pay. Based
upon the rationale expressed herein, we affirm.

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). However, when a
defendant raises inability to pay, Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon
Supp. 2002), the burden is on the defendant to prove the affirmative defense by a
preponderance of the evidence. Stanfield v. State, 718 S.W.2d 734, 737 (Tex.Cr.App.
1986). Where inability to pay is raised, the State bears the burden of proving that the
failure to pay was intentional. Id. at 737-38.

 At the hearing on the State's motion to revoke for multiple violations of conditions
of community supervision, appellant voluntarily plead true to the State's allegations. The
clerk's records also contain signed stipulations of evidence in which appellant states, "all
the acts and allegations in said Original Application to Revoke Probation are true and
correct." She testified at the hearing that she knew she had violated the conditions of
community supervision, but justified the violations based on her affirmative defense of
inability to pay. The court found that she violated the following conditions of community
supervision:


 failed to maintain suitable employment;
 failed to advise her supervision officer of changes in employment;
 failed to pay restitution, fines and costs; 
 failed to complete community service; and
 failed to attend GED program.


 

 Appellant rationalized the violations by explaining that she had no one to leave her
children with while she was at work, or to attend the GED program, or complete community
service hours. She claimed to be unable to leave her children with her father and
stepmother because she claimed her father molested her and she feared him. However,
at the time of the hearing she testified that her children were living with her father and she
was living with her boyfriend in Lubbock. When questioned by the trial court on what effort
she had made to find someone to care for her children she responded, "I never tried to find
anyone." Appellant's boyfriend testified that she had asked friends to take care of her
children, but that no one wanted to help.

 Although one sufficient ground for revocation supports the trial court's order, Moore
v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is
sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469,
470 (Tex.Cr.App. 1979). Although appellant asserted inability to pay as a justification for
all violations, her failure to complete community service at the pace of only eight hours per
month did not require financial resources. Regardless of appellant's affirmative defense
of inability to pay, a plea of true to the State's allegations and her testimony that she knew
she had violated the conditions of community supervision support the trial court's
revocation order. Duke v. State, 2 S.W.3d 512, 517 (Tex.App.-San Antonio 1999, no
pet.). We find the trial court did not abuse its discretion in revoking appellant's community
supervision. Points of error one and two are overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 


Do not publish.



as, on the 9th day of November, 1992. The
second enhancement paragraph alleged that appellant had been previously convicted of
the felony offense of possession of a controlled substance in Cause No. 39,360-A in the
47th District Court of Potter County, Texas, on the 16th day of November, 1998. It was
further alleged that the second enhancement paragraph conviction was obtained before
the primary offense was committed but after the first enhancement paragraph conviction
had become final.
          Subsequently, appellant entered a plea of guilty to the offense without any
recommendation as to punishment. In connection with the plea proceedings, appellant
entered a plea of true to both the first and second enhancement paragraphs. The trial
court admonished appellant regarding his constitutional rights prior to accepting the plea. 
The trial court also admonished appellant that the range of punishment for the offense, as
charged and enhanced by the indictment, was that of a second degree felony. As such,
appellant was admonished that the range of punishment was from two to 20 years
confinement in the ID-TDCJ. After the admonishment regarding the range of punishment,
appellant persisted in his plea of guilty averring to the trial court that he understood what
he was doing and was entering the plea freely and voluntarily. The trial court accepted
appellant’s plea of guilty. 
          After receiving the plea of guilty, the trial court then considered the issue of
punishment. During the punishment hearing, appellant offered certified copies of
indictment and judgment in Cause No. 39,360-A which reflected that appellant was
originally charged with a state jail felony in that cause number. The state jail felony was
enhanced and appellant was sentenced pursuant to the enhanced punishment range. 
However, appellant’s trial counsel argued that the conviction was for a state jail felony and,
as such, it could not be used to enhance punishment in the underlying offense to a second
degree felony. Rather, the second enhancement paragraph could only be used with
another state jail felony to enhance the underlying offense to a third degree felony. The
trial court agreed, but then held that the fact that the first felony enhancement involved an
affirmative finding of a deadly weapon allowed the underlying state jail felony to be
enhanced to a third degree felony and proceeded to sentence appellant to a term of
confinement of eight years in the ID-TDCJ.
          Through four issues, appellant appeals contending that the trial court committed
reversible error in: 1) sentencing appellant to more than two years in a State Jail Felony
facility because the State failed to give notice of intent to use a deadly weapon finding in
the first enhancement paragraph; 2) enhancing the punishment under provisions of section
12.35(c)(2)(B) of the Texas Penal Code


 because of a fatal variance between the
allegations in the first enhancement paragraph of the indictment and the proof used to
enhance appellant’s punishment; 3) accepting appellant’s plea of guilty which, because of
the lack of notice of intent to use the deadly weapon finding, was not freely and voluntarily
made; and 4) failing to properly admonish appellant to the proper range of punishment. 
Disagreeing with appellant’s contentions, we affirm the judgment of the trial court.
Deadly Weapon Finding
          Appellant’s first three issues all center on the issue of whether or not the State’s first
enhancement paragraph gave sufficient notice of the State’s intent to use the affirmative
finding of a deadly weapon in the punishment of appellant. The record reflects that the
indictment gave the proper court, the proper cause number, date of conviction and offense
for which appellant was convicted, yet appellant contends this was not sufficient notice of
intent to rely upon the affirmative finding of a deadly weapon for purposes of enhancement
of punishment.
          Addressing the issue of notice to use the affirmative finding of a deadly weapon, we
again point out that appellant’s indictment states in the first enhancement paragraph
appellant’s offense, the court of conviction, the cause number of the case, and the date of
the prior conviction. Further, we note that the requirement for particularity in description
of a prior offense used for enhancement purposes is less than that required of an
indictment charging the primary offense. See Chavis v. State, 177 S.W.3d 308, 312
(Tex.App.–Houston [1st Dist.] 2005, pet. ref’d) (citing Freda v. State, 704 S.W.2d 41, 42
(Tex.Crim.App. 1986)). The purpose of the enhancement allegation is to provide appellant
with notice of the prior conviction upon which the State relies. Id. The notice to be
provided is sufficient if it allows appellant to find the record and make preparation for trial
on the issue of whether he is the same person named therein. Id. As demonstrated in the
record, the notice given appellant in this matter provided more than enough information to
allow him to prepare for trial. Appellant cites this court to a number of cases in an attempt
to show that the indictment herein was not specific enough as to the question of the deadly
weapon finding. However, the cases cited by appellant to support the proposition that the
enhancement allegation at issue was faulty for failure to include notice of the affirmative
finding of a deadly weapon are not enhancement cases, rather each case is dealing with
the notice issue regarding an affirmative finding in the indictment for the primary charge. 
See Luken v. State, 780 S.W.2d 264, 265 (Tex.Crim.App. 1989); Narron v. State, 835
S.W.2d 642, 643 (Tex.Crim.App. 1992); Grettenberg v. State, 790 S.W.2d 613, 614
(Tex.Crim.App. 1990). These cases are not supportive of appellant’s proposition. 
Accordingly, appellant’s first issue is overruled.
          Appellant’s next issue contends that there was a fatal variance between
enhancement paragraph and the proof received at trial and used to enhance appellant’s
punishment. However, to accept appellant’s position we would first have to agree that
appellant had no notice of the affirmative finding of a deadly weapon contained in the first
enhancement paragraph. For reasons we have explained above, we do not agree with that
proposition. A variance occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246
(Tex.Crim.App. 2001). A material variance is fatal only if it operated to the defendant’s
surprise or prejudiced his rights. See id. at 248. In the case before the court, appellant
had sufficient notice to prepare for trial because the indictment provided all the information
required to properly ascertain the exact nature of the previous judgment rendered against
him. In such a situation, we cannot say there is any variance, much less a material
variance. Finally, the essence of appellant’s variance claim is that the indictment stated
in the caption portion that the State was seeking to enhance the punishment under section
12.42(a), whereas, the proof was that the punishment was enhanced under section
12.35(c)(2)(B). According to appellant, this is the material variance. Appellant’s theory is
in error for at least two reasons. First, the erroneous entry complained of was in that
portion of the indictment known as the caption. See 41 George E. Dix and Robert O.
Dawson, Texas Practice § 20.62 (2nd ed. 2001). Since the erroneous entry was part of the
caption, it constitutes no part of the indictment and any error contained therein is harmless
unless appellant can show prejudice. See Adams v. State, 222 S.W.3d 37, 53
(Tex.App.–Austin 2005, pet. ref’d); citing Thibodeaux v. State, 628 S.W.2d 485, 487-88 
(Tex.App.–Texarkana 1982, no pet)). Appellant’s only attempt to show prejudice is an
effort to show that trial counsel was surprised by the State’s attempt to use the deadly
weapon finding. However, this alleged surprise is more accurately described as an
admission that trial counsel failed to either review the judgment in the prior conviction or
to understand the import of an affirmative finding of a deadly weapon. Because we have
previously determined that appellant was afforded all the notice the law requires, neither
of these theories will provide the prejudice referred to in Adams or Thibodeaux. 
Accordingly, appellant’s second issue is overruled.
          In his third issue, appellant complains that the lack of notice of the State’s intent to
use the deadly weapon finding for enhancement purposes resulted in the plea not being
either freely or voluntarily made. Again, as in the two previous issues, this question turns
on whether the first enhancement paragraph was sufficient to provide notice of the
affirmative finding of a deadly weapon. As was pointed out above, the first enhancement
paragraph provided appellant more than enough information to obtain all the relevant
documents regarding the aggravated assault conviction. As is reflected in the record, the
judgment of conviction for aggravated assault contained the affirmative finding of a deadly
weapon. Therefore, when appellant entered a plea of true to that offense, he entered it to
the affirmative finding of a deadly weapon. See Alexander v. State, 868 S.W.2d 356, 361-62 (Tex.App.–Dallas 1993, no pet.) (holding that, even though the plea agreement did not
give the defendant notice that the State intended to obtain a deadly weapon finding in the
final judgment, the indictment did provide the defendant all the notice required and the
subsequent plea was not involuntarily made). As applied to our fact pattern, the first
enhancement paragraph gave appellant notice that there was a deadly weapon finding
contained in the final judgment. That being so, appellant had all the relevant information
required to enter a free and voluntary plea of true to the first enhancement paragraph. 
Accordingly, appellant’s third issue is overruled.
Admonishment 
          Appellant’s fourth issue contends that his plea was not freely and voluntarily made
because the admonishment regarding the range of punishment was incorrect. The record
reflects that the trial court admonished appellant regarding a second degree felony range
of punishment of not more than 20 years nor less than two years confinement in the ID-TDCJ. See § 12.33. This admonishment was premised upon a plea of guilty to a state jail
felony enhanced by two prior felony convictions, which was how the case was indicted. 
See § 12.42(a)(2). Appellant entered his plea of guilty to the primary offense and true to
both enhancement allegations. Subsequently, the trial court began receiving evidence on
the issue of punishment. It was only during the receipt of evidence during the punishment
phase of the plea of guilty that the issue to the second enhancement paragraph arose. 
The record does not contain any further reference to a range of punishment nor does it
contain any request by the trial court as to whether or not appellant still desired to plead 
guilty to the primary offense and true to the enhancements. Therefore, it appears that the
trial court gave an incorrect admonishment as to the possible range of punishment for the
offense on which the trial court eventually accepted a plea. The issue of the timing of
appellant’s objection to the use of the second enhancement paragraph requires us to
determine whether appellant has invited the error of which he now complains. The State
argues that is exactly the case, especially in light of the fact that appellant offered no
objection to the range of punishment as explained by the trial court prior to accepting the
plea. However, even if we find that the trial court gave an improper admonishment, there
is still the issue of harm to be considered. See Aguirre-Mata v. State, 125 S.W.3d 473,
473 (Tex.Crim.App. 2003) (holding that where the record failed to show admonishment of
the defendant as to the range of punishment as part of a plea of guilty, the resulting error
is judged under a harm analysis). When we view this matter in the light of Rule 44.2(b) of
the Texas Rules of Appellate Procedure, we see that appellant plead guilty without a
recommendation and the punishment he received was within the range he was
admonished to, even though this was the incorrect range. Tex. R. App. P. 44.2(b). 
Appellant attempts to show harm by the naked assertion in his brief that had he known the
case was a third degree felony and not a second degree felony he might have requested
a jury on the issue of punishment. This naked assertion does not demonstrate harm. See
In re Gibauitch, 688 S.W.2d 868, 872 (Tex.Crim.App. 1985) (holding that the mere
assertion that a defendant might have requested a jury trial had the proper range of
punishment been given does not demonstrate harm for the purpose of establishing that the
plea was involuntary or unknowing, especially when there is no plea bargain). Appellant
has not demonstrated that the improper admonishment affected one of his substantial
rights. Tex. R. App. P. 44.2(b). Having found appellant was not harmed, we overrule his
final issue.
Conclusion
          Having overruled all of appellant’s issues, we affirm the judgment of the trial court.
 
                                                                Mackey K. Hancock

                                                                           Justice





Pirtle, J. concurring. 





Do not publish.