NO. 07-08-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2009

_____

CLIFTON WAYNE HARDEN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,244-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Clifton Wayne Harden, Jr., appeals his conviction for the offense of possession of a controlled substance in an amount of less than one gram, enhanced by one prior felony conviction, and the resulting sentence of eight years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). We affirm.

Factual and Procedural Background

Appellant was indicted for possession of a controlled substance in an amount of less than one gram. Additionally, the indictment contained two enhancement paragraphs. The first enhancement paragraph alleged, in relevant parts, that appellant had been previously finally convicted of the felony offense of aggravated assault in Cause No. 31,597-B in the 181st District Court of Potter County, Texas, on the 9th day of November, 1992. The second enhancement paragraph alleged that appellant had been previously convicted of the felony offense of possession of a controlled substance in Cause No. 39,360-A in the 47th District Court of Potter County, Texas, on the 16th day of November, 1998. It was further alleged that the second enhancement paragraph conviction was obtained before the primary offense was committed but after the first enhancement paragraph conviction had become final.

Subsequently, appellant entered a plea of guilty to the offense without any recommendation as to punishment. In connection with the plea proceedings, appellant entered a plea of true to both the first and second enhancement paragraphs. The trial court admonished appellant regarding his constitutional rights prior to accepting the plea. The trial court also admonished appellant that the range of punishment for the offense, as charged and enhanced by the indictment, was that of a second degree felony. As such, appellant was admonished that the range of punishment was from two to 20 years confinement in the ID-TDCJ. After the admonishment regarding the range of punishment, appellant persisted in his plea of guilty averring to the trial court that he understood what

he was doing and was entering the plea freely and voluntarily. The trial court accepted appellant's plea of guilty.

After receiving the plea of guilty, the trial court then considered the issue of punishment. During the punishment hearing, appellant offered certified copies of indictment and judgment in Cause No. 39,360-A which reflected that appellant was originally charged with a state jail felony in that cause number. The state jail felony was enhanced and appellant was sentenced pursuant to the enhanced punishment range. However, appellant's trial counsel argued that the conviction was for a state jail felony and, as such, it could not be used to enhance punishment in the underlying offense to a second degree felony. Rather, the second enhancement paragraph could only be used with another state jail felony to enhance the underlying offense to a third degree felony. The trial court agreed, but then held that the fact that the first felony enhancement involved an affirmative finding of a deadly weapon allowed the underlying state jail felony to be enhanced to a third degree felony and proceeded to sentence appellant to a term of confinement of eight years in the ID-TDCJ.

Through four issues, appellant appeals contending that the trial court committed reversible error in: 1) sentencing appellant to more than two years in a State Jail Felony facility because the State failed to give notice of intent to use a deadly weapon finding in the first enhancement paragraph; 2) enhancing the punishment under provisions of section 12.35(c)(2)(B) of the Texas Penal Code[1] because of a fatal variance between the

---

[1]Further reference to the Texas Penal Code shall be by "section ___" or "§ ___".

allegations in the first enhancement paragraph of the indictment and the proof used to enhance appellant's punishment; 3) accepting appellant's plea of guilty which, because of the lack of notice of intent to use the deadly weapon finding, was not freely and voluntarily made; and 4) failing to properly admonish appellant to the proper range of punishment. Disagreeing with appellant's contentions, we affirm the judgment of the trial court.

## Deadly Weapon Finding

Appellant's first three issues all center on the issue of whether or not the State's first enhancement paragraph gave sufficient notice of the State's intent to use the affirmative finding of a deadly weapon in the punishment of appellant. The record reflects that the indictment gave the proper court, the proper cause number, date of conviction and offense for which appellant was convicted, yet appellant contends this was not sufficient notice of intent to rely upon the affirmative finding of a deadly weapon for purposes of enhancement of punishment.

Addressing the issue of notice to use the affirmative finding of a deadly weapon, we again point out that appellant's indictment states in the first enhancement paragraph appellant's offense, the court of conviction, the cause number of the case, and the date of the prior conviction. Further, we note that the requirement for particularity in description of a prior offense used for enhancement purposes is less than that required of an indictment charging the primary offense. See Chavis v. State, 177 S.W.3d 308, 312 (Tex.App.–Houston [1st Dist.] 2005, pet. ref'd) (citing Freda v. State, 704 S.W.2d 41, 42 (Tex.Crim.App. 1986)). The purpose of the enhancement allegation is to provide appellant

4

with notice of the prior conviction upon which the State relies. Id. The notice to be provided is sufficient if it allows appellant to find the record and make preparation for trial on the issue of whether he is the same person named therein. Id. As demonstrated in the record, the notice given appellant in this matter provided more than enough information to allow him to prepare for trial. Appellant cites this court to a number of cases in an attempt to show that the indictment herein was not specific enough as to the question of the deadly weapon finding. However, the cases cited by appellant to support the proposition that the enhancement allegation at issue was faulty for failure to include notice of the affirmative finding of a deadly weapon are not enhancement cases, rather each case is dealing with the notice issue regarding an affirmative finding in the indictment for the primary charge. See Luken v. State, 780 S.W.2d 264, 265 (Tex.Crim.App. 1989); Narron v. State, 835 S.W.2d 642, 643 (Tex.Crim.App. 1992); Grettenberg v. State, 790 S.W.2d 613, 614 (Tex.Crim.App. 1990). These cases are not supportive of appellant's proposition. Accordingly, appellant's first issue is overruled.

Appellant's next issue contends that there was a fatal variance between enhancement paragraph and the proof received at trial and used to enhance appellant's punishment. However, to accept appellant's position we would first have to agree that appellant had no notice of the affirmative finding of a deadly weapon contained in the first enhancement paragraph. For reasons we have explained above, we do not agree with that proposition. A variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246 (Tex.Crim.App. 2001). A material variance is fatal only if it operated to the defendant's

5

surprise or prejudiced his rights. See id. at 248. In the case before the court, appellant had sufficient notice to prepare for trial because the indictment provided all the information required to properly ascertain the exact nature of the previous judgment rendered against him. In such a situation, we cannot say there is any variance, much less a material variance. Finally, the essence of appellant's variance claim is that the indictment stated in the caption portion that the State was seeking to enhance the punishment under section 12.42(a), whereas, the proof was that the punishment was enhanced under section 12.35(c)(2)(B). According to appellant, this is the material variance. Appellant's theory is in error for at least two reasons. First, the erroneous entry complained of was in that portion of the indictment known as the caption. See 41 George E. Dix and Robert O. Dawson, Texas Practice § 20.62 (2nd ed. 2001). Since the erroneous entry was part of the caption, it constitutes no part of the indictment and any error contained therein is harmless unless appellant can show prejudice. See Adams v. State, 222 S.W.3d 37, 53 (Tex.App.–Austin 2005, pet. ref'd); citing Thibodeaux v. State, 628 S.W.2d 485, 487-88 (Tex.App.–Texarkana 1982, no pet)). Appellant's only attempt to show prejudice is an effort to show that trial counsel was surprised by the State's attempt to use the deadly weapon finding. However, this alleged surprise is more accurately described as an admission that trial counsel failed to either review the judgment in the prior conviction or to understand the import of an affirmative finding of a deadly weapon. Because we have previously determined that appellant was afforded all the notice the law requires, neither of these theories will provide the prejudice referred to in Adams or Thibodeaux. Accordingly, appellant's second issue is overruled.

6

In his third issue, appellant complains that the lack of notice of the State's intent to use the deadly weapon finding for enhancement purposes resulted in the plea not being either freely or voluntarily made. Again, as in the two previous issues, this question turns on whether the first enhancement paragraph was sufficient to provide notice of the affirmative finding of a deadly weapon. As was pointed out above, the first enhancement paragraph provided appellant more than enough information to obtain all the relevant documents regarding the aggravated assault conviction. As is reflected in the record, the judgment of conviction for aggravated assault contained the affirmative finding of a deadly weapon. Therefore, when appellant entered a plea of true to that offense, he entered it to the affirmative finding of a deadly weapon. See Alexander v. State, 868 S.W.2d 356, 361-62 (Tex.App.–Dallas 1993, no pet.) (holding that, even though the plea agreement did not give the defendant notice that the State intended to obtain a deadly weapon finding in the final judgment, the indictment did provide the defendant all the notice required and the subsequent plea was not involuntarily made). As applied to our fact pattern, the first enhancement paragraph gave appellant notice that there was a deadly weapon finding contained in the final judgment. That being so, appellant had all the relevant information required to enter a free and voluntary plea of true to the first enhancement paragraph. Accordingly, appellant's third issue is overruled.

Admonishment

Appellant's fourth issue contends that his plea was not freely and voluntarily made because the admonishment regarding the range of punishment was incorrect. The record reflects that the trial court admonished appellant regarding a second degree felony range

7

of punishment of not more than 20 years nor less than two years confinement in the ID-TDCJ. See § 12.33. This admonishment was premised upon a plea of guilty to a state jail felony enhanced by two prior felony convictions, which was how the case was indicted. See § 12.42(a)(2). Appellant entered his plea of guilty to the primary offense and true to both enhancement allegations. Subsequently, the trial court began receiving evidence on the issue of punishment. It was only during the receipt of evidence during the punishment phase of the plea of guilty that the issue to the second enhancement paragraph arose. The record does not contain any further reference to a range of punishment nor does it contain any request by the trial court as to whether or not appellant still desired to plead guilty to the primary offense and true to the enhancements. Therefore, it appears that the trial court gave an incorrect admonishment as to the possible range of punishment for the offense on which the trial court eventually accepted a plea. The issue of the timing of appellant's objection to the use of the second enhancement paragraph requires us to determine whether appellant has invited the error of which he now complains. The State argues that is exactly the case, especially in light of the fact that appellant offered no objection to the range of punishment as explained by the trial court prior to accepting the plea. However, even if we find that the trial court gave an improper admonishment, there is still the issue of harm to be considered. See Aguirre-Mata v. State, 125 S.W.3d 473, 473 (Tex.Crim.App. 2003) (holding that where the record failed to show admonishment of the defendant as to the range of punishment as part of a plea of guilty, the resulting error is judged under a harm analysis). When we view this matter in the light of Rule 44.2(b) of the Texas Rules of Appellate Procedure, we see that appellant plead guilty without a recommendation and the punishment he received was within the range he was

8

admonished to, even though this was the incorrect range. TEX. R. APP. P. 44.2(b). Appellant attempts to show harm by the naked assertion in his brief that had he known the case was a third degree felony and not a second degree felony he might have requested a jury on the issue of punishment. This naked assertion does not demonstrate harm. See In re Gibauitch, 688 S.W.2d 868, 872 (Tex.Crim.App. 1985) (holding that the mere assertion that a defendant might have requested a jury trial had the proper range of punishment been given does not demonstrate harm for the purpose of establishing that the plea was involuntary or unknowing, especially when there is no plea bargain). Appellant has not demonstrated that the improper admonishment affected one of his substantial rights. TEX. R. APP. P. 44.2(b). Having found appellant was not harmed, we overrule his final issue.

Conclusion

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Pirtle, J. concurring.

Do not publish.

9