**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00170-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**MARCUS DEWAYNE BEATTY, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR32483**

**MEMORANDUM OPINION**

Appellee, Michael Dewayne Beatty, having been indicted by a grand jury for the offense of unlawful delivery or manufacture with intent to deliver a simulated controlled substance, filed a Motion to Quash Indictment with the trial court. The trial court granted Beatty's Motion to Quash Indictment. The State of Texas appeals the trial court's order granting the Motion to Quash. *See* Tex. Code Crim. Proc. Ann

1

art. 44.01(a)(1) (West Supp. 2017). We reverse the trial court's ruling and remand the case to the trial court for further proceedings consistent with this opinion.

**Background**

On December 2, 2015, Beatty was pulled over on a traffic stop in Liberty County, Texas. The State claims Beatty consented to a search of the vehicle. During the search, a magnetic box containing a vacuum-sealed bag of 2,580 oblong yellow pills with "V" markings on one side and the numbers "3601" on the other was recovered from the frame underneath Beatty's vehicle. Beatty was then arrested for possession of a controlled substance.

According to the State, the pills were subsequently submitted to the Drug Enforcement Agency to its laboratory in Dallas, Texas, for analysis. The lab took a sample of twenty-nine pills for analysis, and the results of the analysis indicated no controlled substance in the twenty-nine units. However, a composite was formed from twenty-nine units for further testing, and salicylic acid was confirmed in the composite. Hydrocodone and acetaminophen were confirmed in one unit tested.

A grand jury thereafter issued an indictment claiming that Beatty

did . . . intentionally or knowingly manufacture, with the intent to deliver, a simulated controlled substance, namely, a substance, that was purported to be the controlled substance, hydrocodone, but was chemically different from hydrocodone, and the defendant represented that the substance was hydrocodone in a manner that would lead a reasonable person to believe that the substance was hydrocodone, by

2

the markings of a "V" on one side of each pill and "3601" on the opposite side of each pill, commonly associated with hydrocodone [.]

On April 21, 2017, the trial court held a hearing on a separate Motion to Suppress filed by Beatty. During that hearing, the trial judge expressed concerns about the indictment and ultimately did not entertain the Motion to Suppress. The trial judge asked the State "how do you prove that [Beatty is] representing the substance to be a controlled substance?" The State argued that the representation for purposes of the statute was the markings placed on the pills—the "V" and number— and those markings were therefore sufficient. The following exchange also took place during the hearing:

Court: [S]o how are you going to tie that person to marking that "V"?

State: And that's our argument, is that would be for – whether or not we prove that as a finder of fact at trial.

The trial court then told the parties to look at the legislative history of the statute.

On May 12, 2017, Beatty filed his Motion to Quash Indictment, and the trial court heard the motion the same day. In his Motion to Quash, Beatty complained that the offense was cited as section 482.002(a)(1) of the Texas Health and Safety Code, but it tracked the actual language of Section 482.002(a)(2), which states that a person commits an offense if that person "represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that

3

the substance is a controlled substance[.]"[1] *See* Tex. Health & Safety Code Ann. § 482.002(a)(1), (2) (West 2017). Beatty further argued that he could not be adequately informed of which law applies to his case, in violation of his constitutional rights. At the hearing, the State again argued the markings on the pills matching a hydrocodone pill were enough to constitute a representation. The trial court disagreed and granted the Motion to Quash Indictment. This appeal ensued.

## Standard of Review

We apply a *de novo* standard of review when examining a trial court's decision on a motion to quash an indictment. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). "The sufficiency of an indictment is a question of law." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

## Analysis

The Texas Code of Criminal procedure sets out the requirements for an indictment in article 21.02 and provides that the "offense must be set forth in plain and intelligible words." Tex. Code Crim. Proc. Ann. art 21.02(7) (West 2009). An indictment is usually legally sufficient if it delineates the penal statute in question.

---

[1] Section 482.002(a)(1) provides that a "person commits an offense if the person knowingly or intentionally manufactures with the intent to deliver or delivers a simulated controlled substance and the person . . . expressly represents the substance to be a controlled substance." Tex. Health & Safety Code Ann. § 482.002(a)(1) (West 2017).

4

*Moff*, 154 S.W.3d at 602. An indictment must allege that (1) a person, (2) committed an offense. *Teal v. State*, 230 S.W.3d 172, 179 (Tex. Crim. App. 2007) (quoting *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995)). In order to determine if a charging instrument alleges an offense, we must decide whether the allegations in it are clear enough that one can identify the offense alleged. *See id.* at 180. A trial court and the defendant must be able to identify what penal code provision is alleged and whether it is one that vests jurisdiction in the trial court. *Id*. An indictment that tracks the statutory language generally satisfies constitutional and statutory requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).

In the present case, Beatty argues that because the indictment cites one particular statutory subsection but the body of the indictment tracks the language of another subsection within the same statute, he cannot be adequately apprised of which law applies to his case, in violation of his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10, 15, and 19 of the Texas Constitution. *See* U.S. CONST. amends. V, VI, IVX; Tex. Const. art. I, §§ 10, 15, 19. We find this argument unpersuasive. Despite Beatty's assertion that he cannot ascertain what law applies, the indictment was clear enough to allow him to identify the appropriate code provision in his Motion to Quash

Indictment. Specifically, he admits "the body of the indictment references 482.002(a)(2)."

Indeed, the indictment, by tracking the language contained in section 482.002(a)(2) almost verbatim, was specific enough that Beatty was able to identify the code section at issue. *See* Tex. Health & Safety Code Ann. § 482.002(a)(2). The indictment in this case is sufficient to vest the trial court with subject-matter jurisdiction and give Beatty notice that the State intends to prosecute him for a state jail felony. It alleged that Beatty "intentionally or knowingly manufacture[d], with the intent to deliver, a simulated controlled substance[.]" It asserted that the substance "purported to be the controlled substance, hydrocodone, but was chemically different from hydrocodone[.]" The indictment also specified that Beatty "represented that the substance was hydrocodone in a manner that would lead a reasonable person to believe that the substance was hydrocodone, by the markings of a 'V' on one side of each pill and '3601' on the opposite side . . . ." The allegations contained in the indictment track the language of Texas Health & Safety Code section 482.002(a)(2) and lay out in detail *how* Beatty "represented" the substance was hydrocodone by the markings placed on the pills, which mimicked actual hydrocodone. *See id.*

6

Furthermore, the citation of section 482.002(a)(1), which Beatty complains of, is actually found in the caption. Texas courts have long held that a caption constitutes no part of an indictment. *See Stansbury v. State*, 82 S.W.2d 962, 964 (Tex. Crim. App. 1935); *Thibodeaux v. State*, 628 S.W.2d 485, 487 (Tex. App.— Texarkana 1982, no pet.). Any error contained in the caption will be considered harmless surplusage absent a showing of prejudice. *Thibodeaux*, 628 S.W.2d at 487. The Austin Court of Appeals dealt with a similar situation in *Adams v. State*. 222 S.W.3d 37 (Tex. App.—Austin 2005, pet ref'd.). In that case, the trial court tried to determine which statutory provision the prosecutor was relying on. *Id.* at 52. The prosecutor explained there had been a "cut and paste" mistake in the caption to the indictment. *Id.* The appellant then argued that if the trial court and the prosecutor were not sure which penal provision was used, the charging instrument was a non-indictment. *Id.* The Austin Court of Appeals acknowledged the discrepancy in the caption but determined the caption was not a part of the indictment. *Id.* at 53.

Moreover, a trial court may not consider evidence beyond the face of the indictment to test the sufficiency of the material allegations. *State v. Rosenbaum*, 910 S.W.2d 934, 937-38 (Tex. Crim. App. 1994); *see also Carpenter v. State*, 477 S.W.2d 22, 23 (Tex. Crim. App. 1972) (stating that a court may not look beyond the face of murder indictment to see if there is sufficient evidence to support it). The

record indicates the trial court engaged in questioning during the hearings that looked beyond the face of the indictment. At the hearing held on April 21, 2017, the trial court asked the State "***how do you prove*** that [Beatty is] representing the substance to be a controlled substance[,]" which clearly seeks evidentiary information. (Emphasis added.) During the hearing on May 12, 2017, the trial judge indicated he simply did not agree with the State that the markings were enough representation for purposes of the statute. The trial court, though, apparently looked beyond the face of the indictment in deciding to grant Beatty's Motion to Quash.

## Conclusion

We conclude that the indictment is sufficient to invoke the subject-matter jurisdiction of the court and put Beatty on notice of the offense he allegedly committed. *See Teal*, 230 S.W.3d at 179. Therefore, we sustain the State's issue, and we reverse the trial court's order dismissing the indictment and remand the cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on October 4, 2017
Opinion Delivered February 28, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

8