Matthew David **FONTENOT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47407.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Fred A. Carver, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Trial of appellant before a jury on a plea of not guilty resulted in a verdict of guilty of robbery with a firearm; the punishment, fifteen (15) years.

Appellant's attorney presents only one ground of error, that he was denied the right to be confronted by the witness Mrs. Viney Dixon, the person alleged to have been robbed, because the court did not delay the voir dire examination of the jurors until Mrs. Dixon was brought into court. He argues that Sec. 10, Article I of the Texas Constitution, Vernon's Ann.St., wherein it is provided in the Bill of Rights that the accused "shall be confronted by the witnesses against him" was thus violated.

No case so holding has been brought to our attention.

In 23 C.J.S. Criminal Law § 999, at page 1044, it is said:

"Confrontation is, in its main aspect merely another term for the test of cross-examination, and the main or principal purpose of the constitutional or statutory guaranty here under consideration is to assure the right of cross-examination. The right of confrontation does not mean merely that witnesses are to be made visible to accused, so that he shall have the opportunity to see and hear them, but it imports and includes the right to cross-examine. The right of confrontation, however, merely means that accused shall be given the right and fair opportunity to cross-examine witnesses either by himself or by counsel, so that when he is afforded such opportuni-

ty, there is a compliance with the constitutional and statutory requirements."

Garcia v. State, 151 Tex.Cr.R. 593, 210 S.W.2d 574, was reversed because the trial court did not appoint an interpreter when the defendant did not understand the language of the witness. It was there said that the right to cross-examine is the main and essential purpose of the right to be confronted by the witnesses face to face.

In Kemper v. State, 63 Tex.Cr.R. 1, 138 S.W. 1025, it was said that the purpose of the requirement that an accused be confronted by the witnesses against him was twofold: (1) that he might test them by cross-examination and (2) that the jury by observing them as they testify may be able to better judge their credibility and the weight to give their testimony.

Here the witness Mrs. Viney Dixon testified on the trial in the presence of appellant and the jury that appellant was the man who held a gun on her and robbed her. She was fully cross-examined by appellant's attorney. We hold that the confrontation guaranteed appellant by Art. 1, Sec. 10, of the Constitution was accorded him, and are unwilling to extend its meaning as contended for.

The record does not show the voir dire examination of the jurors or that the identity of Mrs. Dixon was inquired about. It does not appear that the presence of this witness during the questioning of the prospective jurors would have benefitted appellant or that her absence harmed him in any way. We overrule this contention.

In a pro se brief appellant urges three grounds of error, which have been considered and are overruled. Only the third ground of error merits comment.

The ground asserted is that the court erred in allowing the jury to assess the punishment when the appellant did not sign "any document authorizing punishment to be assessed by said jury."

While appellant made no written election as provided in Art. 37.07, Sec. 2(b), Vernon's Ann.C.C.P., to have his punishment assessed by the jury, he did not voice any objection to the assessment of the penalty by the jury. In view of the failure to object, no reversible error is shown. Dickson v. State, Tex.Cr.App., 492 S.W.2d 267.

The judgment is affirmed.

Opinion approved by the Court.