**Daniel Joseph LUKEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00576–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 24, 1987.

Discretionary Review Granted (Appellant)
April 27, 1988.
Discretionary Review Granted (State)
April 27, 1988.

Randy R. Holzapple, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Carol M. Cameron, Carol Davies, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and DUGGAN, JJ.

COHEN, Justice.

Our original opinion is withdrawn, and the following is substituted.

A jury found appellant guilty of felony burglary of a habitation with intent to commit sexual assault, and that he used a deadly weapon in the commission of this offense. The jury then found the enhancement paragraph allegation true, and assessed punishment of confinement for 75 years.

The appellant does not challenge the sufficiency of the evidence. Early on February 14, 1986, Susan Annette Franz, the complainant, was asleep in bed when appellant broke into her apartment and partially disrobed. Franz awoke to find appellant on top of her, kissing her face. She testified appellant told her "to lie there; it would [sic] be over shortly." Franz also testified that the appellant threatened her by brandishing a small, serrated knife, evidently taken from Franz' kitchen.

Shortly thereafter, the telephone rang and Franz seized the opportunity by telling appellant that if she failed to answer the telephone, the caller would suspect something was wrong. When appellant allowed her to answer the telephone, she screamed into the receiver for help. Unnerved, appellant fled from the apartment. Franz, hysterical, ran into the bedroom of her roommate, Iva Ellis. Together they screamed for help from the balcony of Ellis' bedroom until the police arrived.

Sometime after this incident, Franz identified appellant as the man who assaulted her, picking his picture from six photographs provided by the police. About a month after this, upon being arrested for an unrelated felony, appellant made a written confession, admitting that he committed the assault on Franz.

Appellant first contends that the trial court erred in submitting, over his objection, a jury issue on the use of a deadly weapon because he had no notice that the State would seek such an affirmative finding. Neither the indictment nor any spe-

cial plea by the State informed appellant that the State would seek a deadly weapon finding.

Our original opinion failed to take note of *Ex parte Patterson,* 740 S.W.2d 766 (Tex. Crim.App.1987). The *Patterson* court struck a deadly weapon finding from a murder judgment because neither the indictment nor any special plea requested a deadly weapon finding. The court granted post-conviction habeas corpus relief even though: (1) there was no objection at trial; (2) the issue was raised in a collateral, rather than a direct, attack; (3) there was no statement of facts or transcript before the court, but only the indictment and the judgment; and (4) the conviction was for murder by "stabbing with a knife."

The *Patterson* court held that the State must "plead" that it will seek an affirmative finding of deadly weapon use and may do so either in the indictment or by a special plea, as authorized by Tex.Code Crim.P.Ann. art. 27.01 (Vernon 1966). The fatal defect in *Patterson* was the submission of a special issue that had no support in the State's pleading. The court made no inquiry into harm, as in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985), because "no amount of uncontroverted evidence" would remedy the fact that the defendant had no "prior indication" that the nature of the weapon used would be an issue bearing on his liberty. *Ex parte Patterson,* at 777.

■ Because it is undisputed in the instant case that neither the indictment nor any special plea alleged that appellant used a "deadly weapon," *Patterson* requires us to reform the judgment by striking the deadly weapon finding. We must do this even though the facts indicate that appellant was neither surprised nor harmed.

Appellant's pre-trial motion for discovery sought disclosure of weapons he allegedly used in the commission of the offense, and he does not claim that he never obtained such discovery. When the trial court overruled appellant's objection to the special issue, he did not move for a continuance, or seek to reopen in order to produce witness-es to answer the charge that he used a deadly weapon.

The record reflects that the victim testified about the knife in a pretrial hearing; that the State's opening statement declared its intent to prove the use of a knife in the offense; that the victim testified about the knife at the guilt stage; and that a police officer testified that the knife was a deadly weapon. Appellant did not object to this evidence based on lack of notice. Appellant does not assert that the State told him that it would not seek a deadly weapon finding.

Finally, appellant did not move for a new trial based upon newly discovered witnesses, who, because of surprise, were unavailable to testify at trial concerning the issue of use of a deadly weapon. But for *Ex parte Patterson,* we would conclude, as we originally did, that under *Almanza* and *Adams v. State,* 707 S.W.2d 900 (Tex.Crim. App.1986), as well as Tex.Rule App.P. 81(b)(2), no reversible error occurred.

In *Ex parte Patterson,* the court has apparently recognized a new form of fundamental error requiring relief without objection, without harm, and without regard to the usual burden of proof in a collateral attack, which requires the applicant to produce a statement of facts and transcript to demonstrate that harm occurred. Indeed, the decision is based partly on Patterson's undisputed testimony at his post-conviction habeas hearing, stating that he first learned an affirmative finding was possible when the jury charge was read, in response to which his lawyer told him, "Everything was alright, not to worry about it, so (he) didn't." *Ex parte Patterson,* at 774, note 6.

This testimony indicates to us that Patterson's lawyer was not surprised, thus indicating that he had notice and was not hampered in his ability to defend. Nevertheless, *Patterson* apparently holds that notice to the defendant, personally, is required. Notice to the lawyer, the person in charge of preparing the defense and explaining all proceedings to the defendant, is apparently insufficient. Moreover, by excusing the requirement of a transcript and

statement of facts, *Patterson* renders irrelevant any evidence therein reflecting notice or lack of harm. Thus, surprise and harm inevitably are found.

While we are bound by *Patterson's* holding that the State must give written notice that it will seek a deadly weapon finding, we regret the conclusion that the absence of this notice is automatic reversible error, without an objection or an appellate record, and even when the charge is murder by stabbing with a knife.

The first point of error is sustained.

Points of error two through five also challenge the deadly weapon finding and thus are moot.

Point of error six asserts that the trial court erred in failing to grant a mistrial because of jury argument that injected the prosecutor's personal opinion concerning appellant's guilt. The prosecutor argued:

> And the legal definitions in this case are pretty much, I think, what your common everyday sense agrees with. Certainly you follow the legal definitions but just to go through those elements set forth in the charge paragraph, *the evidence is so clear there really remains no objection in this case.*

The trial court sustained an objection to this argument and instructed the jury to disregard the statement, but refused to grant a mistrial.

■ The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial in order that it may arrive at a just and reasonable conclusion based on merely the evidence introduced, and not on any fact not admitted into evidence. *Campbell v. State*, 610 S.W. 2d 754, 756 (Tex.Crim.App.1980). To be permissible, jury argument must be within one of the following four general areas: 1) summation of the evidence; 2) reasonable deduction of the evidence; 3) answer to argument of opposing counsel; and 4) plea for law enforcement. *Id.*

■ The prosecutor stated her opinion on the sum of the evidence here, viz., that the evidence was clear. It is well-established that a prosecutor may argue her opinions concerning issues in the case so long as the opinions are based on the evidence in the record and do not constitute unsworn testimony. *McKay v. State*, 707 S.W.2d 23, 27 (Tex.Crim.App.1985).

■ However, if we were to find that the prosecution's argument was improper, the conviction would not be set aside automatically. When an argument exceeds the permissible bounds of the above-listed four areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App. 1982).

■ The prosecution's argument neither violated a mandatory statute, nor injected new facts. Nor is the argument manifestly improper or extreme. The evidence in this case was substantial. Susan Franz testified that she clearly saw appellant's face during the attempted rape, and she identified appellant from a series of photographs provided by the police. Appellant confessed to the police, giving detailed information of how he travelled to the complainant's apartment (on a bicycle); where her apartment was (on Threadneedle); why he chose her apartment (he knew she was there because he could see her through the bathroom window); how he entered the apartment (climbing over a fence in the backyard and then jimmying the sliding glass door which was held shut by the placement of a broom stick at its base); what he left behind (his pants and wallet); and how he escaped (by running down the bayou nearby, leaving the bicycle behind). This confession was made about a month after the attempted rape occurred and was consistent with the physical evidence and the police investigation. The prosecutor's opinion on the clarity of the evidence was accurate.

Point of error six is overruled.

Appellant next argues that the court erred in overruling his objection to another

jury argument that injected the prosecutor's personal opinion of his guilt.

The argument was:

The only two things left that I would expect the defense counsel to attempt to argue to you are whether we have presented evidence sufficient to convince you beyond a reasonable doubt that this man is the man who broke into Susan Franz' bedroom that night. And what his intent was when he went into that house. *The evidence is clear, its overwhelming.*

(Emphasis added.)

For the reasons stated in overruling point of error six, we hold that this argument was a proper summation of the evidence.

Point of error seven is overruled.

Point of error eight asserts that the trial court erred in denying a mistrial due to jury argument commenting on his failure to testify. The argument was:

Tattoos, well what we know is that on July 22, 1986, Daniel Joseph Luken has a few blue tattoos on his arm. We don't really know whether he had tattoos on February 14th, big deal.

The appellant did not testify in the jury's presence during the guilt-innocence stage of the trial.

■■■ An indirect allusion to a defendant's failure to testify does not require reversal. *Cannon v. State*, 691 S.W.2d 664, 677 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). For an indirect comment to constitute reversible error, it must call for a denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. *Losado v. State*, 721 S.W.2d 305, 313 (Tex.Crim.App.1986).

The State's argument was not limited to facts that only appellant could have refuted. Testimony by the person who placed these tattoos on the defendant or by appellant's acquaintances could have established whether the tattoos were present before the offense occurred.

Point of error eight is overruled.

■■■ In points of error nine and ten, appellant argues that Tex.Code Crim.P.Ann. art. 37.07, § 4 (Vernon Supp.1987), is unconstitutional and that the court erroneously overruled his objection to the jury instruction mandated by this statute.

In *Rose v. State*, No. 193–87 (Tex. Crim.App., Nov. 12, 1987, en banc) (not yet reported), the court held the statute unconstitutional but required a showing of harm to justify reversal. *Id.* at 67. Six judges in *Rose* agreed that *Almanza v. State*, 686 S.W.2d at 157, provides the correct standard of review.

At the penalty stage, three acquaintances of appellant testified that his reputation was bad. The prosecution proved that appellant previously had been convicted of burglary of a habitation, received probation, violated probation, and served a term in prison. Appellant points to no specific evidence of harm in the record, but asserts that the jury probably increased his sentence due to the parole instruction. We find no evidence of harm.

Points of error nine and ten are overruled.

Appellant's final contention is that his confession was improperly induced.

In a *Jackson v. Denno* hearing, the trial court found that the two written statements were voluntary. The standard of review of these findings is abuse of discretion. *Sinegal v. State*, 582 S.W.2d 135, 137 (Tex.Crim.App.1979). If supported by the record, the findings will not be disturbed on appeal. *Burdine v. State* 719 S.W.2d 309, 318 (Tex.Crim.App.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).

■■■ The court found that the officers warned appellant several times before appellant's first statement; that the officers took him before the magistrate; that before his second statement, officers warned him again; that no one threatened the appellant, induced him to confess, or physically abused him; that appellant was in good health before his statements were given; and that no one made any promises to appellant regarding his confession. The

findings were supported by testimony of police witnesses. The trial court did not abuse its discretion.

The eleventh point of error is overruled.

The judgment of the trial court is reformed so that the phrase "affirmative finding of a deadly weapon" is deleted. In all other respects, the judgment of the trial court is affirmed.