Hubert Lee STEADMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–13–00168–CR.

Court of Appeals of Texas,
Waco.

Jan. 26, 2005.

John M. Hurley, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Christy Barber, McLennan County Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Hubert Lee Steadman of two counts of sexual assault. Steadman pleaded "true" to an allegation that he had been previously convicted of sexual assault, and the jury assessed his punishment at life imprisonment on both counts. Steadman contends in five issues that: (1) the enhancement allegation of the indictment did not give him adequate notice that the State would seek a mandatory life sentence; (2) the life sentences constitute cruel and unusual punishment; (3) the life sentences violate his right to equal protection; (4) the punishment verdict is invalid because the court failed to submit a separate verdict form for each count; and (5) the punishment verdict is void because the jury rather than the court found the enhancement allegation "true."

Because Steadman failed to preserve most of these complaints or is estopped to

raise them, because the court's charge is not erroneous, and because Steadman suffered no egregious harm from the punishment charge that was submitted, we will affirm.

### Steadman Failed To Preserve His Objection To The Indictment And The Court's Charge Is Not Erroneous

■ Steadman contends in his first issue that the enhancement allegation did not give him adequate notice that the State would seek mandatory life sentences under section 12.42(c)(2) of the Penal Code and that the court erroneously instructed the jury to sentence him to life imprisonment on both counts.

The caption of the indictment reads in part, "2nd Degree Felonies Enhanced." [1] The body of the indictment alleges two counts of sexual assault, both second degree felonies. The sole enhancement allegation asserts that Steadman was previously convicted of sexual assault. As Steadman notes, if the general enhancement provision of section 12.42(b) applies, then his punishment would be for a first degree felony (5 to 99 years or life and up to a $10,000 fine). See Tex. Pen.Code Ann. § 12.32 (Vernon 2003), § 12.42(b) (Vernon Supp.2004–2005). Conversely however, because Steadman was convicted of sexual assault and has a prior conviction for the same offense, the mandatory life provision of section 12.42(c)(2) applies. Id. § 12.42(c)(2)(A)(i), (B)(ii) (Vernon Supp. 2004–2005).

Steadman contends that because the caption of the indictment states generally "2nd Degree Felonies Enhanced" and because the indictment does not specifically refer to section 12.42(c), he did not have adequate notice that the State would seek mandatory life sentences. Ordinarily, a complaint regarding the adequacy of an indictment must be raised before trial to preserve the issue for appellate review. See Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.2004–2005); Sanchez v. State, 120 S.W.3d 359, 364 (Tex.Crim.App. 2003). In a similar context however, the Court of Criminal Appeals has held that the pretrial objection requirement of article 1.14(b) does not apply to certain punishment issues relative to the indictment. See Luken v. State, 780 S.W.2d 264, 268 (Tex.Crim.App.1989); Brooks v. State, 921 S.W.2d 875, 879 (Tex.App.-Houston [14th Dist.] 1996), aff'd, 957 S.W.2d 30 (Tex. Crim.App.1997).

In Luken, the defendant complained that neither the indictment nor any special plea gave him notice that the State would seek a deadly weapon finding. See Luken v. State, 744 S.W.2d 274, 275–76 (Tex.App.-Houston [1st Dist.] 1987), vacated, 780 S.W.2d 264 (Tex.Crim.App.1989). The State argued that the defendant failed to preserve the complaint because he did not raise a pretrial objection to the indictment under article 1.14(b). See Luken, 780 S.W.2d at 266.

The Court of Criminal Appeals rejected this contention.

Plainly put, an indictment sufficient to allege an offense, but containing no allegation of use or exhibition of a deadly weapon, suffers no "defect, error, or irregularity of form or substance" on that account. It would be unconscionable to require an accused to complain that the State has failed by its pleadings to present an issue on some fact beyond what is

---

1. After indicating the style of the case, the caption of the indictment reads as follows: *PRIMARY OFFENSE: Sexual Assault (Enhanced)—Count I; Sexual Assault (En-* *hanced)—Count II § 22.011, Texas Penal Code* *2nd Degree Felonies Enhanced*

necessary to "charg[e] a person with the commission of an offense," Article V, § 12, *supra*,[2] which additional fact may further adversely impact his own liberty interest.

*Id.* at 268 (citation omitted) (footnote added).

The Court went further to discuss the interaction of article 1.14(b) and enhancement allegations in general.

Even after enactment of Article 1.14(b), *supra*, we would not hold that a trial court is authorized to find, or to submit the question to the jury whether an accused has been formerly convicted for purposes of enhancement of punishment under Chapter 12 of the Penal Code, on the theory that the accused failed to object that the indictment did not include enhancement allegations. Again, there is no "defect, error, or irregularity" in an indictment containing no enhancement paragraph. It simply fails to place the accused's status as a recidivist in issue. Surely in an accusatory system of criminal justice we cannot require, consonant with due course of law, that the accused complain he faces too lenient a range of punishment!

*Id.*

The Fourteenth Court of Appeals applied this latter observation in *Brooks*. There, the defendant contended that the court erred by submitting an issue to the jury regarding enhancement of punishment because indictment did not contain an enhancement allegation. *Brooks*, 921 S.W.2d at 877. The Court held that an objection under article 1.14(b) was unnecessary in this instance because the indictment was not defective. *Id.* at 879.

Here, Steadman's case is different than *Luken* and *Brooks* because Steadman argues that the enhancement allegation is defective (*i.e.*, inadequate). Because of this distinction, we hold that Steadman failed to preserve his complaint regarding the adequacy of the enhancement allegation because he failed to raise it by pretrial objection. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b); *Shaw v. State*, 794 S.W.2d 544, 544 (Tex.App.-Dallas 1990, no pet.); *Chambless v. State*, 776 S.W.2d 718, 719 (Tex.App.-Corpus Christi 1989, no pet.); *accord Sanchez*, 120 S.W.3d at 364.

■ Nevertheless, Steadman also contends that the court erred by charging the jury that it must sentence him to life imprisonment on both counts under section 12.42(c)(2) rather than charging the jury under the general enhancement provision of section 12.42(b). Even though Steadman did not raise this objection at trial, he may raise this issue for the first time on appeal, but he can obtain a reversal only if the alleged error resulted in egregious harm. *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex.Crim.App.2004) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985)); *see also Kucha v. State*, 686 S.W.2d 154, 155 (Tex.Crim.App.1985) (applyng *Almanza* standard to punishment charge). To prevail in this instance, Steadman must establish that the charge is erroneous and that this error caused him egregious harm. *See Mann v. State*, 964 S.W.2d 639, 641 (Tex.Crim.App.1998); *Phillips v. State*, 72 S.W.3d 719, 721 (Tex. App.-Waco 2002, no pet.).

The indictment alleges that Steadman committed two sexual assaults and that he has a prior conviction for sexual assault.[3]

---

2. Article V, § 12(b) of the Texas Constitution provides in pertinent part, "An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense."

3. The statement in the caption of the indictment that Steadman was charged with "2nd

The court instructed the jury in the charge that, because the jury had convicted Steadman of two counts of sexual assault and because he pleaded "true" to the enhancement allegation, a mandatory life sentence was required by law for each count.

The court's charge comports with the enhancement allegation in the indictment, with the defendant's plea to the enhancement allegation, and with section 12.42(c)(2). Thus, no error is shown. *Cf. Throneberry v. State*, 109 S.W.3d 52, 60 (Tex.App.-Fort Worth 2003, no pet.) (punishment charge erroneous because it included enhancement instruction despite State's failure to give notice); *Brooks*, 921 S.W.2d at 879 (same).

Accordingly, we overrule Steadman's first issue.

### Steadman Failed To Preserve His Constitutional Claims

■ Steadman contends in his second issue that his life sentences constitute cruel and unusual punishment in violation of the Eighth Amendment. He contends in his third issue that his sentences violate the Fourteenth Amendment's equal protection guarantee. However, because he did not raise these contentions at trial, he has failed to preserve them for appellate review. *See Schneider v. State*, 645 S.W.2d 463, 466 (Tex.Crim.App.1983) (cruel-and unusual-punishment claim not preserved); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.-Dallas 2003, no pet.) (same); *Steadman v. State*, 31 S.W.3d 738, 742 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (equal-protection and cruel-and-unusual-punishment claims not preserved); *accord Neal v. State*, 150 S.W.3d 169, 178

(Tex.Crim.App., 2004) (due process claim not preserved). Accordingly, we overrule Steadman's second and third issues.

### Steadman Did Not Suffer Egregious Harm Because Of The Court's Failure To Submit Separate Verdict Forms

■ Steadman contends in his fourth issue that the court erred by failing to submit a separate verdict form for each count under which he was convicted. Because Steadman did not object to the punishment charge, he can obtain reversal only if the alleged error caused him egregious harm. *See Mann*, 964 S.W.2d at 641; *Phillips*, 72 S.W.3d at 721.

Article 37.07, section 1(b) provides that "If the plea is not guilty, [the jurors] must find that the defendant is either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 1(b) (Vernon Supp.2004–2005). Section 2 establishes the procedures by which a defendant may elect to have the jury assess his punishment or waive that right. *Id.* § 2 (Vernon Supp.2004–2005). Section 2(c) provides that, when a jury is assessing punishment, "[p]unishment shall be assessed on each count on which a finding of guilty has been returned." *Id.* § 2(c).

■ Here, Steadman pleaded "true" to the enhancement allegation. Therefore, he faced a mandatory life sentence on both counts. *See* TEX. PEN.CODE ANN. § 12.42(c)(2)(A)(i), (B)(ii). Accordingly, the trial court should have excused the jury after receiving Steadman's plea of

Degree Felonies Enhanced" has no bearing on this issue because the caption is not considered to be a part of the indictment. *See Stansbury v. State*, 128 Tex.Crim. 570, 82 S.W.2d 962, 964 (1935); *Miller v. State*, 687

S.W.2d 33, 41 (Tex.App.-Corpus Christi 1985), *aff'd*, 736 S.W.2d 643 (Tex.Crim.App.1987); *see also Jackson v. State*, 880 S.W.2d 432, 433 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd) (applying same rule to information).

"true" and assessed Steadman's punishment without the jury. Tex.Code Crim. Proc. Ann. art. 37.07, § 1(b); *Zaragosa v. State,* 516 S.W.2d 685, 686 (Tex.Crim.App. 1974); *Corswell v. State,* 679 S.W.2d 155, 156 (Tex.App.-Dallas 1984, no pet.); *Lynch v. State,* 635 S.W.2d 172, 174–75 (Tex. App.-Houston [1st Dist.] 1982), *rev'd on other grounds,* 643 S.W.2d 737 (Tex.Crim. App.1983).

 Even if we were to conclude (which we do not) that the court erred by failing to submit separate verdict forms to the jury, no "egregious harm" is shown. The jury had only one option for sentencing: a life sentence on both counts. Steadman and his counsel knew this before the trial began, as evidenced by counsel's comments made in Steadman's presence during a pretrial hearing in which the parties discussed whether the punishment issue should be addressed during voir dire.

Accordingly, we overrule Steadman's fourth issue.

## Steadman Is Estopped To Complain That The Jury Rather Than The Court Found The Enhancement Allegation True

Steadman contends in his fifth issue that, assuming the issue of punishment was not properly before the jury, his punishment verdict is void because the court did not affirmatively find that he had been previously convicted as alleged.

Steadman suggests that the issue of punishment was not properly before the jury because the record contains no indication that he desired jury sentencing. However, the record plainly reflects that Steadman's counsel insisted at the punishment charge conference that the matter be submitted to the jury. *See Rushton v. State,* 695 S.W.2d 591, 594–95 (Tex.App.-Corpus Christi 1985, no pet.) (defendant

may verbally request jury sentencing at trial).

Therefore, because Steadman insisted that the jury assess punishment, he is estopped to complain that the jury rather than the court found the enhancement allegation "true." *See Ripkowski v. State,* 61 S.W.3d 378, 388–89 (Tex.Crim.App.2001); *Wisdom v. State,* 143 S.W.3d 276, 280 (Tex. App.-Waco 2004, no pet.); *see also Fontenot v. State,* 500 S.W.2d 843, 844 (Tex. Crim.App.1973) (no reversible error shown where defendant did not object to jury assessing punishment). Accordingly, we overrule his fifth point.

We affirm the judgment.