Affirmed and Opinion filed May 10, 2007








Affirmed and Opinion filed May 10, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01239-CR

_______________

 

ROBERT EDWARD JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 00CR0980

                                                                                                                                               


 

O P I N I O N








A jury
found appellant, Robert Jones, guilty of sexual assault.  The trial judge found
the first enhancement count true, the second enhancement count not true, and
assessed a life sentence.[1]  In three
issues, appellant contends the trial court erred by (1) not submitting his 
requested jury charge on the lesser-included offense of attempted sexual
assault, (2) denying his motion to suppress evidence of blood and fingerprints
because consent allegedly was not voluntary, and (3) assessing a life sentence
under section 12.42(c)(2) of the Texas Penal Code.  We affirm.  

I.  Background

Appellant
was accused of sexually assaulting adult-female complainant, Juanita, who was
employed as a receptionist at a photography studio in Galveston.  On the
morning of September 24,1998, Juanita was working alone when appellant entered
the photo studio.  Appellant requested a brochure.  When they were alone in the
store, appellant asked Juanita where the restroom was located.  On the way to
the restroom, appellant attacked Juanita.  He pulled her hair, tried to
blindfold her, and tied her hands behind her back with plastic straps.  After
locking the doors and closing the blinds, appellant shot her in the neck with a
stun gun.  Appellant told her to lay down, got on top of her, tore open her
blouse, took off her shoes and pants, and tore off her underwear.  Appellant
told her to Asuck his dick@ and inserted his penis in her mouth.  He also attempted to
penetrate her vagina.  Appellant ejaculated on her face.   He then made her
turn toward a wall, removed the blindfold, told her to call the police or do
whatever she wanted, and left the store.  Juanita called the studio owner and
told him she had been attacked.  Jan Marie Johnson, who had been in the parking
lot and saw appellant leaving, entered the studio and asked Juanita, ADid that man do that?@  After Juanita said Ayes,@ Johnson called the police.  








Norman
Giles[2], a Galveston
Police lieutenant, came to the photography studio and spoke with Juanita. 
Lieutenant Giles investigated the case.  When appellant became a suspect,
Lieutenant Giles traveled to Louisiana where appellant was incarcerated for
aggravated sexual assault.  During Lieutenant Giles=s second visit, appellant signed a Awaiver of search@ for body fluids.  Appellant gave
Lieutenant Giles a blood sample, photographs, and fingerprints.  

At
trial, Galveston Police Officer Fos testified that latent fingerprints lifted
from the store brochure matched appellant=s left index finger.  Javier Flores,
a forensic scientist, testified he compared the DNA in semen found on Juanita
with the DNA in appellant=s blood sample and concluded the chance that the attacker was
someone other than appellant was one in six billion. Appellant was tried, and a
jury convicted him of sexual assault.

II.  Request For Jury  Instruction on Lesser-Included Offense

In his
first issue, appellant contends the trial court erred by not submitting his
requested jury instruction pertaining to the lesser-included offense of
attempted sexual assault.  Specifically, appellant contends the trial judge
should have included attempted sexual assault in the jury charge because the
complainant testified she told a private investigator appellant did not insert
his penis in her mouth.  The State argues that the complainant=s prior inconsistent statement is not
direct substantive evidence that would support a lesser-included offense in the
jury charge.  We agree with the State.  

We apply
a two-pronged test to determine whether a lesser-included offense instruction
should be included in a jury charge.  Rousseau v. State, 855 S.W.2d 666,
672 (Tex. Crim. App. 1993) (citing Royster v. State, 622 S.W.2d 442, 446
(Tex. Crim. App. 1981)).  First, the lesser-included offense must be included
within the proof necessary to establish the offense charged.  Id.  Second,
some evidence must exist in the record that if the defendant is guilty,
he is guilty only of the lesser offense.  Id. 








 Under
the first prong, both parties agree that attempted sexual assault is a lesser-
included offense of sexual assault.  A person commits sexual assault if he
intentionally or knowingly causes penetration of the mouth of another person by
his sexual organ without that person=s consent.  Tex. Penal Code Ann. ' 22.011(a)(1)(B) (Vernon 2003). 
Article 37.09(4) of the Code of Criminal Procedure provides a lesser-included
offense consists of an attempt to commit the charged offense.  Tex. Code Crim. Proc. Art. 37.09
(Vernon 2006).

Under
the second prong of the test we consider whether there is some evidence in the
record supporting the contention that if appellant is guilty, he is guilty only
of the lesser offense, attempted sexual assault.  Rousseau, 855 S.W.2d
at 672.  As long as there is some evidence Adirectly germane@ to a lesser-included offense, then
an instruction on the lesser-included offense is warranted.  Jones v. State,
984 S.W.2d 253, 257 (Tex. Crim. App. 1998) (citing Bignall v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994)). 

Juanita
testified regarding details of the sexual assault. She stated that appellant
inserted his penis in her mouth.  She recalled meeting appellant=s private investigator during
December 2003.  During her trial testimony, she admitted that she told the
investigator appellant did not insert his penis in her mouth.  When asked about
the conflicting statements, Juanita explained that she was Ascared@ and Anervous@ at the time she gave the statement
to the investigator, Ajust didn=t want to think about that,@ and wanted to forget about what
happened. 








Appellant
contends Juanita=s testimony regarding her conflicting statements to a private
investigator are sufficient to satisfy the second prong of the test.  We
disagree.  In Wilhoit v. State, an aggravated rape case, the Court of
Criminal Appeals concluded the trial court did not err in refusing to submit
the lesser-included offense of rape based on the investigating officer=s testimony that the complainant told
him she Amost likely thought it was a toy type
gun@ exhibited by the defendant.  638
S.W.2d 489, 499 (Tex. Crim. App. 1982).  The court explained the officer=s testimony that the complainant
believed the pistol was a toy gun was Amore in the nature of impeachment
than direct substantive evidence.@ Id.  Furthermore, the First
Court of Appeals followed Wilhoit in a factually similar case. Caddie
v. State, No. 01-86-00010-CR, 1986 WL 10215 (Tex. App.CHouston [1st Dist.] Aug. 14, 1986,
pet. ref=d) (not designated for publication). 
In Caddie, the trial court denied the defendant=s request for a jury instruction on
the lesser-included offense of aggravated assault.  Id. at *1.  The
defendant argued that the lesser-included offense was raised by the complainant=s testimony.  Id.  Specifically,
the complainant testified she initially told her mother and a police detective
that she had been beaten, not sexually assaulted.  Id.  She explained
that at the time of the inconsistent statements, she was attempting to block
the sexual assault from her mind.  Id.  Applying the Wilhoit holding,
the First Court of Appeals concluded that the complainant=s pretrial statements were
inconsistent with her trial testimony; therefore, the statements were
admissible for impeachment purposes.  Id.  However, the statements did
not constitute direct substantive evidence of the truth of the matter
asserted.  Id.  Therefore, the Caddie court held the trial court
properly denied the defendant=s request for a jury instruction on the lesser-included
offense of aggravated assault.  Id.  

Similar
to the complainant in Caddie, Juanita asserted that at the time she
uttered the inconsistent statement, she was trying to block the sexual assault
from her mind.  Accordingly, we conclude that Juanita=s pretrial statements to the private
investigator were admissible for impeachment purposes; however, her statements
do not constitute direct, substantive evidence of the lesser-included offense
of attempted sexual assault.  See Wilhoit, 638 S.W.2d at 499; Caddie,
1986 WL 10215 at *1.  Therefore, the trial court properly denied appellant=s request for a jury instruction
pertaining to the lesser-included offense of attempted sexual assault. 
Appellant=s first issue is overruled.     

III.  Consent to Search








In his
second issue, appellant contends the trial court erred by denying appellant=s motion to suppress evidence of his
blood and fingerprints because his consent was not voluntary.  Specifically,
appellant contends (1) the consent form was signed in a Louisiana prison when
the only pending charges for aggravated rape were in Louisiana, not Galveston
County, Texas, (2) the record is silent regarding appellant=s discussion with his lawyer because 
the State failed to introduce testimony from appellant=s lawyer, who allegedly advised
Lieutenant Giles that appellant consented to the search, and (3)
notwithstanding the signed consent form, appellant did not give oral consent to
Lieutenant Giles.  

The
State contends the trial court properly denied appellant=s motion to suppress because
appellant voluntarily consented to the search by signing the consent form.  We
agree.

            Voluntary
consent to search is a well-established exception to the warrant and probable
cause requirements of the Fourth Amendment to the United States Constitution.  Montanez
v. State, 195 S.W.3d 101, 105 (Tex. Crim. App. 2006) (citing Carmouche
v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000)).  The validity of a
consent to search is a question of fact to be determined from all the
circumstances.  Rayford v. State, 125 S.W.3d 521, 528 (Tex. Crim. App.
2003).  The federal constitution requires the State to prove the validity of
consent by a preponderance of evidence, while the Texas Constitution requires
the State to prove by clear and convincing evidence that consent was valid.  Id. 
(citing Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App.
2002)).  At a suppression hearing, the trial judge is the sole and exclusive
trier of fact and judge of the credibility of the witnesses and their
testimony.  Id.  Accordingly, the judge may believe or disbelieve all or
part of a witness=s testimony, even if that testimony is not controverted.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  In reviewing a trial
court=s ruling on a motion to suppress, we
give almost total deference to a trial court=s determination of historical facts,
and we review de novo the trial court=s application of the law.  Rayford,
125 S.W.3d at 528.  








Lieutenant
Giles was the only witness at the suppression hearing.  He testified that he
traveled to Louisiana twice to meet with appellant at the Calcasieu Parish
Correctional Center.  On June 25, 1999, Lieutenant Giles and Sergeant Pena,
another investigator from the Galveston County Police Department, met with
appellant in an interview room.  They talked generally about appellant=s Acareer as a sex offender@ and asked him questions regarding
his whereabouts on September 24, 1998. On July 30, 1999, Lieutenant Giles
returned to Louisiana to collect blood and fingerprint samples. He contacted
Louisiana authorities to schedule a hearing before a Louisiana judge.  Prior to
the hearing, appellant=s court-appointed counsel informed Lieutenant Giles that
appellant would consent to give the samples.[3] 
According to Lieutenant Giles, appellant reiterated his consent in open court
with his attorney present.  

Therefore,
following the Louisiana hearing, Lieutenant Giles went to the Calcasieu County
Parish Prison where he met appellant in a Ageneral open area in the detention
facility.@  Lieutenant Giles read the consent form, asked appellant if he
understood it, and asked whether he would give a specimen that same day. 
Lieutenant Giles further testified that appellant  was not denied anything or
threatened in any way.  Lieutenant Giles and David Higginbotham, a deputy
working at the detention facility, witnessed appellant=s signature on the consent form.

Appellant
argues that he gave Lieutenant Giles samples to be used in an aggravated sexual
assault case in Louisiana, not in this Galveston County case.  However, the
following language is in upper left corner of the consent form: AStates of Texas and Louisiana;
Cit[ies] of Galveston and Calcasieu Parish.@ AState of Texas@ is typed, Aand Louisiana@ was handwritten next to it.  The
consent paragraph provides that by his signature, appellant Aauthorizes and permits Norman Giles
of Galveston Police and nurse or other medical professional to take samples of
my blood, photographs, and [finger]prints.@ The trial court as fact-finder was
free to determine the credibility of Lieutenant Giles=s testimony.  See Rayford, 125
S.W.3d at 528.   








Appellant
also contends the State failed to prove his consent was voluntary because the
record is silent regarding his alleged discussion with Louisiana counsel.
However, appellant does not explain or point to any evidence regarding the
substance of those conversations.  Moreover, appellant fails to cite legal
authority in support of his argument.  Therefore, this complaint is
inadequately briefed and is waived.  Tex.
R. App. P. 38.1(h); Cardenas v. State, 30 S.W.3d 384, 393 (Tex.
Crim. App. 2000) (finding appellant waived appellate review by failing to
include argument and authorities).  

Appellant
also contends the samples were not voluntarily produced because he never orally
gave consent to Lieutenant Giles.  Appellant argues the alleged consent is
based on  a series of conversations between appellant and an unnamed attorney. 
However, appellant signed the consent form after Lieutenant Giles read it
verbatim and inquired whether appellant had any questions.   We conclude that
Lieutenant Giles=s procedure for obtaining consent to search was lawful.  See
Rayford, 125 S.W.3d at 528 (holding State proved defendant consented
to a search for blood, saliva, and trace evidence on defendant=s person where defendant signed a
consent form after officer read it out loud, defendant said he understood it,
and signed the form).  

Viewing
the appellate record as a whole and giving proper deference to the trial court=s implied findings of historical
fact, we hold the State has shown by clear and convincing evidence that appellant=s consent was voluntary.  See id. at
529.  Accordingly, we overrule appellant=s second issue.  

IV.  Assessment of Punishment Under Texas Penal Code Section 12.42 

In his third
issue, appellant contends the trial court erred by assessing a mandatory life
sentence under section 12.42(c)(2) of the Texas Penal Code.  Specifically,
appellant contends he should have been sentenced under section 12.42(b) because
he was convicted of sexual assault, a second-degree felony.  The State contends
appellant was properly sentenced under section 12.42(c)(2) because the
statutory language is clear and even if the statute is not clear, the
legislative history indicates the Legislature passed the Atwo-strike sex offender law@ with the intent to punish all
two-time sex offenders with a mandatory life sentence.    








Texas
Penal Code section 12.42, is entitled  APenalties for Repeat and Habitual
Felony Offenders@ and provides, in pertinent part: 

(b) If it
is shown on the trial of a second-degree felony that the defendant has been
once before convicted of a felony, on a conviction he shall be punished for a
first-degree felony.

(c) (1) Except
as provided by Subdivision (2), if it is shown on the trial of a
first-degree felony that the defendant has been once before convicted of a felony,
on conviction he shall be punished by imprisonment in the institutional
division of the Texas Department of Criminal Justice for life, or for any term
of not more than 99 years or less than 15 years.  In addition to imprisonment,
an individual may be punished by a fine not to exceed $10,000.

    (2) A
defendant shall be punished by imprisonment in the institutional division for
life if: 

(A) the defendant is convicted of an offense: 

     (i) under Section 22.021[aggravated sexual assault] or 22.011
[sexual  assault], Penal Code; 

        (ii) under Section 20.04(a)(4), Penal Code, if the defendant
committed the offense with the intent to violate or abuse the victim sexually;
or 

      (iii) under Section 30.02, Penal Code, punishable under
Subsection (d) of that section, if the defendant committed the offense with the
intent to commit a felony described by Subparagraph (i) or (ii) or a felony
under Section 21.11 or 22.011, Penal Code; and 

(B) the defendant has been previously
convicted of an offense: 

      (i) under Section 43.25 or 43.26,
Penal Code;

      
(ii) under Section 21.11, 22.011[sexual assault], 22.021 [aggravated
sexual            assault], or 25.02, Penal Code; 

      (iii) under Section 20.04(a)(4), Penal Code, if the defendant
committed the offense with the intent to violate or abuse the victim sexually 

* * *  

Tex.
Penal Code Ann. ' 12.42(b), (c) (Vernon 2003)
(emphasis added).    








Following a jury trial, appellant was
found guilty of sexual assault, a second-degree felony.  See Tex. Penal Code Ann. ' 22.011 (Vernon 2003).  At the sentencing hearing, the
trial court found one of the enhancement paragraphs in the indictment for a
previous conviction of sexual assault to be true and found the second
enhancement paragraph to be false.  The trial court also considered appellant=s written motion to Apreclude@ punishment under Texas Penal Code section
12.42(c)(2). 

 

In his
written motion and at the sentencing hearing, appellant argued that he should
be sentenced under Texas Penal Code section 12.42(b) because he previously had
been convicted of a felony and his trial was for a second-degree felony, sexual
assault.   He argued that section 12.42(c) applied to defendants previously
convicted of a felony and who were on trial for a first-degree felony.  He
further argued that because section (b) did not contain the exclusionary
language A[e]xcept as provided by Subdivision (2),@ which is included in section (c)(1),
section 12.42(c)(2) does not apply to a defendant on trial for a second-degree
offense.   

In
response, the State referred the trial court to the exception phrase at the
beginning of section 12.42(c)(1).  The State argued that the exception phrase
at the beginning of section 12.42(c)(1) means the mandatory life sentence for
sex offenders who have committed the specified sex crimes twice, is an
exception to the general first-degree felony sentence enhancement provision in
section 12.42(c)(1).  If a case does not fall under the section 12.42(c)(2)
category requiring a mandatory life sentence, then Ait=s only a first-degree felony@ under 12.42(c)(1). The trial judge
agreed with the State=s interpretation and denied appellant=s motion. In sentencing appellant,
the trial judge applied section 12.42(c)(2) and assessed a mandatory life
sentence, stating:  AUnder the statute discussed and the motion B your motion and the response by the
State, the Court is hereby assessing punishment in conformity with the statute
at life imprisonment in the Texas Department of Criminal Justice, Institutional
Division.@








Appellant
contends he should have been sentenced under section 12.42(b), the general
enhancement provision for a defendant on trial for a second-degree felony 
because he was on trial for a  second-degree felony, sexual assault, and was
previously convicted of a felony.  Under section 12.42(b), the trial court
would assess punishment utilizing the range for a first-degree felony instead
of a mandatory life sentence under section 12.42(c)(2).  Persons sentenced
under section 12.42(b) are punished for a first-degree felony which warrants
imprisonment for life or for any term of not more than ninety-nine years or
less than five years.  See Tex.
Penal Code Ann. ' 12.42(b); Tex. Penal
Code Ann. ' 12.32(a) (Vernon 2003).  

Appellant
argues that the language in section 12.42(c)(1) A[e]xcept as provided by subdivision
(2)@ denominates section 12.42(c)(2) as
an exception to the general sentence enhancement provisions pertaining to a
defendant on trial for a first-degree felony under section 12.42(c)(1).  He
suggests that section 12.42(c)(2) contains Atwo exceptions@ to 12.42(c)(1).  The Afirst exception@ occurs when a person is convicted of
aggravated sexual assault or sexual assault and has a prior conviction for a
sexual offense such as aggravated sexual assault or sexual assault.  He argues
that the Asecond exception@ to section 12.42(c)(1) occurs when a defendant is convicted
of a felony and has two prior sequential felony convictions.  Under the Afirst exception,@ the trial court must sentence a
defendant to life imprisonment.  Under the Asecond exception,@ a defendant may be sentenced to
either life or no more than ninety-nine years or less than twenty-five years.[4] 









Appellant
further contends he should not have been sentenced under 12.42(c)(2) because
the general enhancement provision for second-degree felonies in section 12.42(b)
does not begin with the phrase, A[e]xcept as provided by Subdivision
(2),@ as section 12.42(c)(1) begins. 
Therefore, he argues the mandatory life sentence contained in section
12.42(c)(2) is only an exception to the general first-degree felony sentence
enhancement provision in section 12.42(c)(1) and not an exception to the general
second-degree felony sentence enhancement provision in section 12.42(b).  

In
response, the State contends Penal Code section 12.42(c)(1) and (2) is clear
and unambiguous.  The proper sentence is a mandatory life sentence when a
defendant is convicted of sexual assault under Penal Code section 22.011 and
has a prior conviction for sexual assault or aggravated sexual assault. 
Without conceding lack of clarity in the Penal Code, the State further contends
it would be absurd to conclude that the Legislature did not intend to
incorporate the second-degree felony sexual assault in the mandatory life
sentence portion of the statute.[5] 

Our
interpretation should effectuate the collective intent or purpose of the
legislators who enacted the legislation.  Griffith v. State, 116 S.W.3d
782, 785 (Tex. Crim. App. 2003) (citing Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App. 1991)).  First, we consider the literal text of the
statute and attempt to discern the fair, objective meaning of the text at the
time of its enactment. Boykin, 818 S.W.2d at 785.  Where the
statute is clear and  unambiguous, we must assume the Legislature meant what it
expressed, and it is not for the courts to add or subtract from a statute.  Id. 
AIf the plain language of a statute
would lead to absurd results, or if the language is not plain but rather
ambiguous, then and only then, out of absolute necessity, is it
constitutionally permissible for a court to consider, in arriving at a sensible
interpretation, such extratextual factors as executive or administrative
interpretations of the statute or legislative history.@  Id. at 785B86 (emphasis in original).








According
to the literal text, Penal Code section 12.42(b) clearly provides the general
enhancement sentencing guidelines relative to a defendant on trial for a
second-degree felony who was previously convicted of a felony.  Tex. Penal Code Ann. ' 12.42(b).  Penal Code Section
12.42(c)(1) begins with the language, A[e]xcept as provided by Subdivision
(2),@ before it addresses a defendant who
is on trial for a first-degree felony.  Tex.
Penal Code Ann. ' 12.42(c)(1).  This phrase directs the reader to section
12.42(c)(2) before consideration of the language that pertains to a defendant
on trial for a first-degree felony.  Therefore, the language A[e]xcept as provided by Subdivision
(2)@ requires application of section
12.42(c)(2) separately from section 12.42(c)(1).  Penal Code section
12.42(c)(1) provides the general enhancement provision for a first-degree
felony, while Penal Code section 12.42(c)(2) provides a separate sentence
enhancement provision for two-time sex offenders.       Pursuant to Texas Penal
Code section 1.05(b), certain sections of the Code of Construction Act apply
unless a different construction is required contextually.[6] 
See Tex. Penal Code Ann. ' 1.05(b) (Vernon 2003).  We are
required to presume by enactment that all words within a statute are intended
to be effective, and the language therein will create a just and reasonable
result.  See Tex.
Gov=t Code Ann. ' 311.021 (Vernon 2005).  If a general
provision conflicts with a specific provision, the provisions shall be
construed, if possible, to give effect to both.  Tex. Gov=t Code Ann. ' 311.026(a) (Vernon 2005); State
v. Mancuso, 919 S.W.2d 86, 88 (Tex. Crim. App. 1996).  If we are unable to
reconcile statutory provisions, the specific statute will prevail as an
exception to the general statute, unless the general statute is the later
enactment and the legislature=s manifest intent is that the general provision prevail.  Tex. Gov=t Code Ann. ' 311.026(b) (Vernon 2005);  Mancuso,
919 S.W.2d at 88.  








Section
311.026 is a codification of the common law doctrine of pari materia.  Burke
v. State, 28 S.W.3d 545, 547 n.2 (Tex. Crim. App. 2000).  AThe rule of pari materia is
nothing more than a principle of statutory interpretation, a means of devining
[sic] and giving full effect to legislative intent.@  Id. at 546B47 (quoting Mills v. State,
722 S.W.2d 411, 413  (Tex. Crim. App. 1986)).  Pari materia provides
that A[w]here one statute deals with a
subject in general terms, and another deals with a part of the same subject in
a more detailed way, the two should be harmonized if possible; but if there is
any conflict, the latter will prevail.@  Id.  Pari materia only
applies if the two statutes have the same purpose or object.  Id. at
547.  








We find
Penal Code section 12.42(b) and Penal Code section 12.42(c)(2) to be in pari
materia because they have the same purpose of enhancing the sentence of a
convicted felon who previously committed a felony.  Therefore, we will apply
the doctrine of pari materia  as codified in Texas Government Code
section 311.026.  Section 12.42(b) is the general sentencing enhancement
provision for defendants on trial for a second-degree felony.  See Tex. Penal Code Ann. ' 12.42(b).  However, section 12.42(c)
is the specific provision which addresses sentence enhancement for defendants
twice convicted of specifically enumerated sex crimes, including sexual
assault.  See Tex. Penal Code
Ann. ' 12.42(c)(2).  Because the unambiguous language of Texas Penal Code
section 12.42(c)(2) specifically addresses the circumstances presented in this
case, we hold appellant was properly sentenced under section 12.42(c)(2).[7] 
See Mancuso, 919 S.W.2d at 89; Steadman v. State, 160 S.W.3d 582,
584B86 (Tex. App.CWaco 2005, pet. ref=d) (holding section 12.42(c)(2)
rather than section 12.42(b) applies to punishment for second conviction for
sexual assault).  Appellant=s third issue is overruled.   

Accordingly, we affirm the judgment and sentence of the trial court. 

 

 

 

 

/s/        Charles
W. Seymore

Justice

 

 

 

Judgment rendered and Opinion filed May 10, 2007.

Panel consists of Justices Frost, Seymore, and Guzman.

Publish C Tex. R. App. P.
47.2(b).

 

 

 









[1]  In appellant=s
first trial for this indictment, he was convicted of sexual assault by a jury. 
Jones v. State, No. 14-04-00107-CR, 2005 WL 5341160 (Tex. App.CHouston [14th Dist.] March 15, 2005, no pet.) (mem.
op.).  On appeal, this court reversed and remanded for a new trial because
appellant=s Sixth Amendment right to self-representation was
violated.  Id.  This is an appeal from the second trial at which
appellant was pro se.  





[2]  At the time of trial, Lieutenant Giles was employed
as an attorney in Houston.  We refer to him as ALieutenant Giles@ because he was employed in that capacity in the
context of this case.  





[3]  The record is unclear as to what precisely
transpired during the referenced Ahearing@ in Louisiana. 





[4]  In support of his contention that section
12.42(c)(2) contains Atwo exceptions,@
appellant incorrectly relies on portions of section 12.42 which are not located
under section 12.42(c)(2). The Afirst exception@ appellant articulates is actually the entire
subsection 12.42(c)(2).  Appellant incorrectly concludes that it is only part
of section 12.42(c)(2)(A).  The Asecond
exception@ appellant postulates  is actually located in section
12.42(d).  Appellant incorrectly cites it as Asection 12.42(c)(2)(B)(d).@ 
Section 12.42(d) is not a subsection of section 12.42(c).  





[5]  The State does not address the relationship between
Penal Code section 12.42(c)(2) and section 12.42(b).  





[6]  AUnless a
different construction is required by the context, Sections 311.011, 311.012,
311.014, 311.015, and 311.021 through 311.032 of Chapter 311, Government Code
(Code of Construction Act), apply to the construction of this code.@  Tex. Penal
Code Ann. ' 1.05(b).  





[7]  In accordance with the Boykin statutory
interpretation standard, our analysis does not include legislative history. 
818 S.W.2d at 785B86.  However, we note that this holding is consistent
with the legislature=s intent.  The 1997 amendment introduced a ATwo Strikes measure@ to
generally provide that a Adefendant need only be convicted of a felony once to
qualify for life imprisonment in certain cases involving assaultive offenses
including sexual assault.@  House Comm. on Criminal Jurisprudence Bill Analysis,
Tex. S.B. 46, 75th Leg., R.S. (May 22, 1997).  The Court of Criminal Appeals 
has also addressed the legislative history of Penal Code section 12.42 and
explained, AGiven the laundry-list of offenses in the statute, it
is clear that the legislature intended all prior convictions for such crimes to
be available to enhance the punishment for a subsequent offense of the same
type to life imprisonment.@  Griffith,
116 S.W.3d at 788.