IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00075-CR

 

Michael Lee Smith,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court No. 8208

 



MEMORANDUM  Opinion



 








            Michael Lee Smith was charged with sexual
assault, pleaded guilty, and accepted a plea bargain, which included a stay in
State boot camp.  When Smith did not qualify for boot camp, he returned to
court, reentered a guilty plea, and was placed on ten years deferred
adjudication community supervision.  The State later filed a motion to proceed
with adjudication.  After a hearing, the trial court adjudicated guilt and sentenced
Smith to twenty years in prison.  Smith’s appellate counsel filed an Anders
brief.  See Anders
v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Although
informed of his right to do so, Smith did not file a pro se brief.  We affirm.

STANDARD OF REVIEW

            In an Anders case, we
“always conduct an independent review of the record to determine whether there
are any arguable grounds for appeal.”  Villanueva v. State, 209 S.W.3d 239, 242-43 (Tex. App.—Waco 2006, no
pet.) (citing Stafford
v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991)).  “[I]f counsel in an Anders
brief or the appellant in a pro se response points out a potential issue, we
must determine whether it is arguable or frivolous.”  Id. at 242.  If
“arguable grounds” exist, we must “remand the cause to the trial court so that
new counsel may be appointed to brief the issues.”  Bledsoe
v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005); see Villanueva, 209 S.W.3d at 243.

ANALYSIS

            Counsel presents several potential issues addressing: (1)
our jurisdiction over complaints related to the adjudication of Smith’s guilt;
(2) Smith’s re-sentencing; (3) Smith’s twenty-year sentence; (4) the trial
court’s failure to hold a separate punishment hearing; and (5) equal protection.

Jurisdiction

            Under the law in effect at the time
the trial court adjudicated Smith’s guilt, “No appeal may be taken from this
determination.”  Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 53, sec. (b),
1995 Tex. Gen. Laws 2734, 2750 (amended 2007) (current version at Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2007)).[1]  We
“‘do not have jurisdiction to consider claims relating to the trial court’s
determination to proceed with an adjudication of guilt on the original
charge.’”  Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim.
App. 2006) (quoting Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim.
App. 2005)).  However, we do have jurisdiction to consider issues
addressing the sentence assessed.  See Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim.
App. 2001) (defendant may not appeal the trial court’s adjudication of guilt,
but may appeal issues related to the punishment phase); see also Issa v. State, 826 S.W.2d 159, 160-61 (Tex.
Crim. App. 1992); Tillman
v. State, 919 S.W.2d 836, 839 (Tex.
App.—Fort Worth 1996, pet. ref’d). 
For this reason, we will address those potential issues related to punishment.

Re-sentencing

            The first potential issue raised by
counsel addresses whether the trial court erroneously re-sentenced Smith.

“[W]hen a defendant enters a plea of guilty or
nolo contendere pursuant to a plea bargain agreement with the prosecutor, and
the plea is accepted and the agreement is approved by the trial judge, the
defendant is entitled to specific enforcement if the agreement can be enforced,
or, if not enforceable, is entitled to withdraw his plea.”  Perkins v. Third Supreme Judicial
Dist. of Tex.,
738 S.W.2d 276, 283 (Tex. Crim. App. 1987); see Hatley v. State, 206 S.W.3d 710, 718 (Tex. App.—Texarkana 2006, no pet.).  The first plea agreement entered between Smith
and the State, and approved by the trial court, was incapable of specific enforcement
because Smith did not qualify for boot camp, a condition of the plea agreement. 
Smith was entitled to withdraw his plea.  He entered a new plea and a new plea
agreement.  He was admonished by the trial court and questioned by his trial
counsel.  He expressed his intent to enter the new agreement and signed a new set
of plea papers.  Although the first judgment was never formally set aside, Smith
participated in and agreed to the second judgment, receiving the benefits for
which he bargained.[2]  See
Rhodes v. State, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007) (because
defendant “agreed to the
concurrent sentencing provision [in the plea agreement], then through his own
conduct he helped procure and benefit from the illegality and he should not now
be allowed to complain”); see also Mapes v. State, 187
S.W.3d 655, 660 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  Smith
cannot now complain about the court’s re-sentencing procedures.

Imposition of Maximum Sentence

Counsel’s second potential issue addresses whether
Smith’s sentence: (1) results from judicial vindictiveness; and (2) amounts to
cruel and unusual punishment.  When the trial court sentenced Smith to twenty
years in prison, Smith did not object on grounds of either vindictiveness or
cruel and unusual punishment.  See Neal v. State, 150 S.W.3d
169, 180 (Tex. Crim. App. 2004) (error not preserved where defendant “never presented his prosecutorial vindictiveness
claim in the trial court”); see also Steadman v. State, 160
S.W.3d 582, 586 (Tex. App.—Waco 2005, pet. ref’d) (claim that sentence
constituted cruel an unusual punishment not preserved absent an objection at
trial).  This issue is not preserved.

Separate Punishment Hearing

In his third potential issue, counsel addresses
whether the trial court erred by not holding a separate hearing on punishment. 
A defendant is entitled to a punishment hearing after an adjudication of guilt,
and the trial court must allow the accused the opportunity to present
evidence.  See Issa, 826 S.W.2d at 161.  To
preserve a complaint that the trial court erred in failing to hold a separate punishment hearing,
the defendant must timely object or file a motion for new trial if not afforded
the opportunity to object. See Vidaurri v. State, 49 S.W.3d 880, 885-86 (Tex.
Crim. App. 2001); see also Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim.
App. 1999).  Smith neither objected nor filed a motion for new trial. 
The issue is not preserved for appellate review.  See Tex. R. App. P. 33.1(a).

Equal Protection

          The final potential issue raised by counsel
addresses whether placing a defendant on deferred adjudication community
supervision, as opposed to regular community supervision, creates an Equal
Protection claim.  However, this issue was not raised during trial and is not
preserved.  See Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref'd) (defendant’s equal
protection claim addressing “the classification scheme that provides different
possible punishments upon violation of probation at the revocation hearing” not
preserved in absence of objection at trial).

Independent Review

We have conducted an
independent review of the record and have determined that no other arguable
grounds for appeal exist.  Accordingly, we agree with counsel that Smith's
appeal presents no issues of arguable merit.  We
affirm the judgment.

Pursuant to Rule of
Appellate Procedure 48.4, counsel must send Smith a copy of our decision by
certified mail, return receipt requested, at Smith’s last known address.  Tex. R.
App. P. 48.4.  Counsel must also notify Smith
of his right to file a pro se petition for discretionary review.  Id.; see also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006);
Villanueva, 209 S.W.3d at 249.  We grant counsel’s motion to withdraw,
effective upon counsel’s compliance with Rule 48.4 as evidenced by “a letter
[to this Court] certifying his compliance with this rule.”  See Tex. R.
App. P. 48.4; see also Meza v. State, 206 S.W.3d 684, 689 n.23 (Tex.
Crim. App. 2006); Villanueva,
209 S.W.3d at 249.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(“Chief Justice Gray concurs in the judgment to
the extent that is affirms the conviction and grants counsel’s motion to
withdraw.  A separate opinion will not issue.  He notes, however, that the
opinion of the majority suffers the same errors in evaluating and ruling on the
merits of issues briefed by counsel as does this court’s opinion in Villanueva,
as well as in Garner which cited and relied on Villanueva, to go
into an extensive discussion, analysis, and disposition of the issues discussed
by counsel.  See Garner v. State, No. 10-05-00218-CR, 2007 Tex. App. LEXIS 4246 (Tex. App.—Waco May 30, 2007, pet. granted) (not designated for publication); Villanueva v. State,
209 S.W.3d 239 (Tex. App.—Waco 2006, no pet.).  The purpose of counsel’s
discussion of issues is so that we can determine that counsel has fulfilled the
duty of appointed counsel to diligently examine the record for issues of
arguable merit.  We do not accomplish this by review, discussion, and ruling on
the issues identified by counsel.  Thus the discussion and holdings on the
issues addressed in the Anders brief in support of the motion to withdraw are
unnecessary to our review and therefore dicta.”)

Affirmed

Opinion delivered and
filed May 21, 2008

Do not publish

[CR25]

 









[1]               The current version of article
42.12 § 5(b) applies to adjudication hearings that occur on or after its
effective date of June 15, 2007.  See Act of May 28, 2007, 80th Leg.,
R.S., ch. 1308, §§ 53, 68, 2007 Tex. Gen. Laws 4395, 4413-14.  Smith’s
hearing occurred in February 2007.





[2]               Smith raised this issue several
months later in a motion to set aside judgments, contending that the first judgment
is void because it lacked consideration and the second judgment is void because
the first judgment was never set aside.